■ GALUTH REALTY CORP., Respondent, v SAUL GREENFIELD et al., Appellants. — In an action for specific performance of a contract to sell real property, defendants appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), dated June 20, 1983, which, after a nonjury trial, directed specific performance of the contract. ¶ Judgment affirmed, with costs. ¶ Defendants argue that plaintiff, the purchaser, intended to evade the transfer tax when it agreed to reduce the purchase price in the contract of sale from $330,000 to $280,000 and to furnish, in addition to the consideration stated in said contract, a separate note for $50,000, payable at the closing. The record does not support defendants' argument that specific performance of the subject contract should be denied on the ground plaintiff has unclean hands. First, the plaintiff merely acceded to defendants' request to reduce the purchase price and to furnish, in addition to the stated consideration, a separate note. Second, the transfer tax is the primary obligation of the grantor, i.e., defendants (Tax Law, § 1404, subd [a]), and the tax is payable when the deed is delivered by the grantor to the grantee (Tax Law, § 1402). Furthermore, the tax is payable in accordance with the actual price paid, not the consideration recited in the contract (Tax Law, § 1401, subd [d]). Assuming, *arguendo,* that only $280,000 was going to be reported to the tax authority, plaintiff would have achieved only a $55 tax savings for which it was only secondarily liable. Under these circumstances, defendants' contention that plaintiff's intention was to evade the real estate transfer tax is incredible. Absent evidence that both parties intended to violate the law, a contract that may be performed both lawfully and unlawfully should be construed in favor of its legality (see *Shedlinsky v Budweiser Brewing Co.,* 163 NY 437). ¶ Lastly, assuming plaintiff's nondisclosure of the "real purchaser" (i.e., Bobover Yeshiva) is actionable as fraud (cf. *Grenlac Holding Corp. v Kahn,* 106 NYS2d 83, affd 279 App Div 989), there was insufficient evidence to support a finding that defendants relied on plaintiff to disclose the "real purchaser" and that the concealment of said fact induced defendants to enter into the agreement. ¶ We have reviewed defendants' other contentions and find them to be without merit. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.