■ BRIDGEVIEW DEVELOPMENT CORP. et al., Appellants, v HOODA REALTY INC. et al., Respondents.—In an action for, *inter alia,* specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County (Golden, J.), dated January 15, 1988, as, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, insofar as appealed from, with one bill of costs.

While we agree with the trial court that the "Memorandum of Understanding" at issue here was merely a memorialization of preliminary negotiations and was not itself a contract, it should be emphasized that under no circumstances could this memorandum be enforced as a contract, inasmuch as it fails to satisfy the Statute of Frauds. It was not signed on behalf of the defendant Hooda Realty Inc., the owner of the property and the party to be charged, and there is no indication that the individual defendants signed in their representative capacities as officers of that corporation. Additionally, where, as here, the parties agree that a formal contract is to follow a memorandum, and essential terms are omitted from the mem-

orandum, or are left to future negotiations, the memorandum is insufficient to satisfy the Statute of Frauds (see, e.g., Willmott v Giarraputo, 5 NY2d 250; Jaffer v Miles, 134 AD2d 572, 573, appeal dismissed 71 NY2d 927; Tetz v Dexter, 133 AD2d 79, 80). The plaintiffs' act in obtaining a mortgage commitment was not unequivocally referable to the memorandum as to constitute part performance sufficient to bring the case out of the Statute of Frauds (see, e.g., Francesconi v Nutter, 125 AD2d 363, 364).

We have considered the plaintiffs' remaining contention and find it to be without merit. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.