■ DANNY McGILL et al., Respondents, v ARNOLD GOLDMAN et al., Appellants. [691 NYS2d 75] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Golar, J.), dated January 27, 1998, which granted the plaintiffs' motion, in effect, for reargument of their prior motions for leave to enter a judgment in their favor on the issue of liability and for an inquest as to damages upon the defendants' default in appearing and answering, which prior motions were denied and the action dismissed as abandoned pursuant to CPLR 3215 (c), by orders dated November 21, 1994, and March 7, 1995, respectively, and, upon reargument, *inter alia,* vacated the orders dated November 21, 1994, and March 7, 1995, and restored the case to the trial calendar.

Ordered that the order is reversed, on the law, with costs, reargument is denied, and the orders dated November 21, 1994, and March 7, 1995, are reinstated.

In January 1990 the plaintiff Danny McGill was allegedly attacked and injured by a dog owned by the defendants. The plaintiffs commenced this action in May 1991. The defendants failed to answer or appear. In September 1994 the plaintiffs moved for leave to enter a default judgment in their favor on the issue of liability and for an inquest as to damages. However, by order dated November 21, 1994, the Supreme Court denied the motion and dismissed the complaint pursuant to CPLR 3215 (c) as abandoned.

In January 1995 the plaintiffs moved a second time for leave

to enter a default judgment on the issue of liability and to proceed to inquest. By order dated March 7, 1995, the Supreme Court treated the motion as one for reargument, granted reargument, and adhered to its prior determination.

In October 1997 the plaintiffs moved once again to restore the case to the trial calendar and for an assessment of damages. In the order appealed from, the Supreme Court granted that relief. We now reverse.

The motion at bar, which was, in effect, a second motion for reargument, should have been denied. A motion for reargument is addressed to the sound discretion of the court and may be granted upon a showing that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (see, Pahl Equip. Corp. v Kassis, 182 AD2d 22; Foley v Roche, 68 AD2d 558). It is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented (see, Pahl Equip. Corp. v Kassis, supra; Foley v Roche, supra). In any event, the plaintiffs failed to demonstrate that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law in dismissing the complaint. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.