■ 288 St. Nick, L. L. C., Respondent, v 288 Kiseki Realty, Inc., Appellant. [728 NYS2d 20] —Order, Supreme Court, New York County (Edward Lehner, J.), entered August 18, 2000, which, to the extent appealed from, denied defendant's motion to dismiss the complaint as barred by the Statute of Frauds, unanimously reversed, on the law, with costs, defendant's motion granted, the complaint dismissed and defendant directed

to return plaintiff's down payment. The Clerk is directed to enter judgment accordingly.

The motion to dismiss the complaint seeking specific performance and damages should have been granted. Despite the status of the defendant corporation's principal as sole owner, director and officer of defendant, the power of attorney he executed in his individual capacity did not confer authority on his agent to engage in the sale of defendant's real property. Thus, the sale at issue is barred for failure of the agent's authorization to comply with the applicable Statute of Frauds, General Obligations Law § 5-703.

The power of attorney's grant of authority as to "business operating transactions" does not confer the necessary power, since, as defined by General Obligations Law § 5-1502E, such grant, even though it includes business transactions engaged in by a "business enterprise which is owned solely by the principal" (subd [3] [a]-[d]), does not include any mention of power to make real estate transactions. Absent such specific power, the agent's authority must fail here (*Commission on Ecumenical Mission & Relations v Roger Gray, Ltd.*, 27 NY2d 457, 465). The contention that subdivisions (7) and (10) provide such authorization fails for similar reasons.

The further contention, that in the context of closely held corporations a failure to comply with corporate technical formalities may be overlooked, is undermined here by authorities holding that such entities are entitled to invoke the Statute of Frauds to bar the sale of their real property (*see, Bridgeview Dev. Corp. v Hooda Realty*, 145 AD2d 457; *Weston Assocs. v Niagara Props.*, 130 AD2d 964).

Finally, plaintiff's contentions that the contract was taken out of the Statute of Frauds by part performance, pursuant to General Obligations Law § 5-703 (4), or by defendant's subsequent writings acknowledging the contract, were not raised in the motion court and thus are not properly before this Court (*see, City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753). Were we to consider these arguments, we would find them to be without merit. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.