■ NICHOLAS LACONTI, JR., Respondent-Appellant, and NICHOLAS LACONTI, SR., et al., Respondents, v DANIEL P. URBAN et al., Appellants-Respondents. [765 NYS2d 634] —In an action, inter alia, for a judgment declaring the plaintiff Nicholas LaConti, Jr., to be a 60% shareholder of the defendant P.J. Lynch Food Services, Inc., and the defendant Daniel P. Urban to be a 40% shareholder, (1) the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme

Court, Nassau County (Warshawsky, J.), dated April 5, 2002, as, after a nonjury trial, directed the defendants to file a shareholders' agreement and to issue 60% of the shares of stock to Nicholas LaConti, Jr., and only 40% of the shares to Daniel P. Urban, and (2) Nicholas LaConti, Jr., cross-appeals, as limited by his brief, from so much of an order of the same court dated May 2, 2002, as denied his motion to enjoin Daniel P. Urban from selling the business at issue.

Ordered that the judgment is modified by adding thereto a provision declaring that the plaintiff Nicholas LaConti, Jr., is a 60% shareholder of the defendant P.J. Lynch Food Services, Inc., and the defendant Daniel P. Urban is a 40% shareholder; as so modified, the judgment is affirmed insofar as appealed from; as it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the plaintiff Nicholas LaConti, Jr., to enjoin Daniel P. Urban from selling the business at issue is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Nicholas LaConti, Jr. (hereinafter LaConti), allegedly entered into an oral agreement (hereinafter the agreement) with his cousin, the defendant Daniel P. Urban, to form a corporation to operate a new delicatessen to be opened in the Town of Huntington. Pursuant to the agreement, LaConti was to own 60% of the corporation's shares and Urban was to own 40% of the shares. The agreement allegedly was entered into after the two, who worked together in a delicatessen owned by LaConti's father and managed by LaConti, were approached in early February 1996 by a landlord in the Town of Huntington to open upon a second delicatessen with the "Fireside" name, which was a servicemark owned by LaConti's father. According to the agreement, LaConti would raise the capital and supply his business expertise along with his affiliation with vendors to get the delicatessen up and running, and Urban would run the day-to-day affairs of the delicatessen. A corporation was formed under the name P.J. Lynch Food Services, Inc. (hereinafter P.J. Lynch), named after LaConti's and Urban's mutual grandparents, but there was no shareholders' agreement, organizational meeting, or stock issuance. This action arose after Urban locked LaConti out of the Huntington delicatessen in January 1998 and declared himself to be the sole owner.

We agree with the Supreme Court that the statute of frauds as set forth in UCC 8-319 (since repealed) does not apply to bar enforcement of the agreement at issue in this case, which was a preincorporation agreement to form a corporation of

which LaConti would be a 60% shareholder and Urban would be a 40% shareholder (*see Matter of Estate of Purnell v LH Radiologists,* 90 NY2d 524 [1997]). Moreover, the evidence was sufficient as a matter of law to prove the existence of the agreement, and the trial court's findings of fact were not against the weight of the evidence (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Koslowski v Koslowski,* 297 AD2d 784 [2002]).

However, after finding that LaConti was the majority shareholder of the corporation, the court should have granted his motion to restrain Urban, as the minority shareholder, from purporting to unilaterally sell the business. Pursuant to Business Corporation Law § 909, the sale of all, or substantially all, of a corporation's assets, if not made in the usual course of business conducted by the corporation, is authorized only by a vote of two thirds of all outstanding shares entitled to vote. Therefore, any contract of sale entered into by Urban to sell the delicatessen is unenforceable (*see Bouton v Thomas Bros. Sales Corp.,* 179 AD2d 612 [1992]).

We note that since this is a declaratory judgment action, the Supreme Court should have declared that LaConti is the 60% shareholder of P.J. Lynch and Urban is the 40% shareholder (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.