■ DIANE STEINBUCH, Appellant, v ROBERT KAPELL et al., Respondents. [772 NYS2d 549]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 22, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, (2) from a judgment of the same court dated January 16, 2003, which dismissed the complaint and cancelled her notice of pendency, and (3), as limited by her brief, from so much of an order of the same court dated March 21, 2003, as, upon granting her motion for leave to reargue the defendants' motion, adhered to the original determination.

Ordered that the appeal from the order dated November 22, 2002, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated March 21, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order dated November 22, 2002, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment and the order dated March 21, 2003 (*see* CPLR 5501 [a] [1]).

While the "Memorandum of Agreement" drafted by the defendants and signed by the plaintiff set forth the essential elements of the proposed contract for the sale of the defendants' house to the plaintiff, there could be no enforceable contract under the statute of frauds unless that document was subscribed by the defendants (*see* General Obligations Law § 5-703 [2]; *Urgo v Patel,* 297 AD2d 376 [2002]; *Bridgeview Dev. Corp. v Hooda Realty,* 145 AD2d 457 [1988]). The defendants offered evidence demonstrating that they did not sign the memorandum, and the plaintiff presented no evidence to the contrary sufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.