■ GELLERT & RODNER, Respondent, v GEM COMMUNITY MANAGEMENT, INC., et al., Appellants. [797 NYS2d 316]—

In an action to recover damages for conversion, the defendants Gem Community Management, Inc., Joseph A. Bahnatka, Eric Bluestone, and Emerald Management Corporation appeal from an order of the Supreme Court, Westchester County (Colabella, J.), dated November 19, 2003, which granted the plaintiff's motion for leave to reargue their prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court entered August 27, 2003, and, upon reargument, in effect, vacated that order and denied the motion for summary judgment, and granted that branch of the plaintiff's motion which was for summary judgment on the theory of money had and received.

Ordered that the appeal of the defendant Eric Bluestone is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, granted summary judgment to the plaintiff on the theory of money had and received, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants Gem Community Management, Inc., Joseph A. Bahnatka, and Emerald Management Corporation, with costs to the defendants Gem Community Management, Inc., Joseph A. Bahnatka, and Emerald Management Corporation payable by the plaintiff.

A motion for reargument is not designed to provide an unsuccessful party with successive opportunities to present arguments different from those originally presented (*see McGill v Goldman*, 261 AD2d 593, 594 [1999]; *Matter of Mayer v National Arts Club*, 192 AD2d 863, 865 [1993]; *Foley v Roche*, 68 AD2d 558, 567-568 [1979]). Here, the plaintiff did not originally plead a cause of action sounding in money had and received.

The remaining contentions of the defendants Gem Community Management, Inc., Joseph A. Bahnatka, and Emerald Management Corporation are without merit. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.