██ CHAD SACCOMAGNO, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [814 NYS2d 880]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from (1) an order of the Supreme Court, Kings County (Partnow, J.), dated November 10, 2004, and (2) an amended order of the same court dated January 19, 2005, which, in effect, granted the plaintiff's motion for leave to renew and reargue the defendant's cross motion to dismiss the complaint insofar as asserted against it for failure to comply with the requirements of General Municipal Law § 50-e, which had been granted in a prior order of the same court dated February 25, 2004, and, upon reargument and renewal, denied the cross motion and vacated so much of the order dated February 25, 2004 as had granted the cross motion.

Ordered that the appeal from the order dated November 10, 2004 is dismissed, as that order was superseded by the amended order dated January 19, 2005; and it is further,

Ordered that the amended order dated January 19, 2005 is reversed, on the law, the motion for leave to reargue and renew is denied, so much of the order dated February 25, 2004 as granted the cross motion is reinstated, the complaint is dismissed insofar as asserted against the defendant New York City Transit Authority, and the action against the remaining defendant is severed.

The plaintiff allegedly was injured when he slipped and fell while descending a staircase at the Ditmas Avenue "F" train subway station. The plaintiff commenced the instant action against, among others, the New York City Transit Authority

(hereinafter the Transit Authority), alleging common-law negligence. After discovery, the Transit Authority cross-moved to dismiss the complaint based upon the plaintiff's failure to comply with the notice of claim requirements of General Municipal Law § 50-e. The court granted the cross motion dismissing the complaint. The plaintiff then moved for renewal and reargument based upon the submission of an affidavit of his investigator, who allegedly had been unavailable at the time of the original motion. Upon renewal and reargument, the court denied the cross motion and vacated so much of its prior order as granted the cross motion. We reverse.

Where a party moves for renewal based upon facts known at the time of the original motion, it is within the sound discretion of the court to grant renewal. In such cases, however, the moving party must show a reasonable justification for the failure to submit the facts on the original motion (*see Allstate Ins. Co. v Davis,* 23 AD3d 418, 419 [2005]). Here, the plaintiff made no such showing.

Further, the court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for reargument (*see Gellert & Rodner v Gem Community Mgt., Inc.,* 20 AD3d 388 [2005]; *McGill v Goldman,* 261 AD2d 593, 594 [1999]; CPLR 2221 [f]). There is no indication that, in granting the Transit Authority's cross motion dismissing the complaint insofar as asserted against it, the court misapprehended the facts, or the law, or mistakenly arrived at its decision. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.