■ WOODY'S LUMBER CO., INC., Respondent, v JAYRAM REALTY CORP., Appellant. [817 NYS2d 391]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated June 22, 2005, as (a) denied those branches of its motion which were for summary judgment dismissing the complaint, for summary judgment on its counterclaim, and to cancel a notice of pendency, (b) granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the counterclaim, and (c) upon, in effect, searching the record, awarded summary judgment to the plaintiff on its cause of action for specific performance, (2) from a judgment of the same court entered July 28, 2005, which, upon the order dated June 22, 2005, is in favor of the plaintiff and against it, and (3) from so much of an order of the same court dated December 12, 2005, as, upon reargument, adhered to so much of the original determination in the order dated June 22, 2005, as denied that branch of the defendant's motion which was for summary judgment dismissing the complaint and, upon, in effect, searching the record, awarded summary judgment to the plaintiff on its cause of action for specific performance.

Ordered that the appeal from the order dated June 22, 2005 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated December 12, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated June 22, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court correctly determined that the defendant failed to establish its prima facie entitlement to summary judg-

ment dismissing the complaint. In connection with its argument that the contract for the sale of the subject real property was invalid under Business Corporation Law § 909, the defendant failed to demonstrate that the subject real property constituted "all or substantially all" of its assets (Business Corporation Law § 909 [a]; *cf. Posner v Post Rd. Dev. Equity*, 253 AD2d 866 [1998]). In addition, the defendant conceded that its sole director and sole shareholder approved the sale of the real property pursuant to the written contract sought to be enforced by the plaintiff. Therefore, the defendant failed to establish that the sale and the contract lacked the approval of its board of directors, and at least two-thirds of the votes of all outstanding shares entitled to vote.

Moreover, the Supreme Court, upon, in effect, searching the record, properly granted summary judgment to the plaintiff, as the evidence established that, based on the actions of the defendant's sole director and sole shareholder, the defendant's president had actual authority to execute the contract on behalf of the defendant (*see* Business Corporation Law § 909 [a]; *Leslie, Semple & Garrison v Gavit & Co.*, 81 AD2d 950, 951 [1981]; *cf. LaConti v Urban*, 309 AD2d 735 [2003]; *Sardanis v Sumitomo Corp.*, 282 AD2d 322, 324 [2001]; *Highland Views Corp. v Gerdts*, 190 AD2d 954, 956 [1993]; *Bouton v Thomas Bros. Sales Corp.*, 179 AD2d 612 [1992]; *Vig v Deka Realty Corp.*, 143 AD2d 185, 187 [1988]), that the plaintiff had properly declared time to be of the essence with respect to the contract (*see Savitsky v Sukenik*, 240 AD2d 557, 558 [1997]; *Zev v Merman*, 134 AD2d 555, 557-558 [1987], *affd* 73 NY2d 781 [1988]), and that the plaintiff was ready, willing, and able to close at the appointed time (*see Zev v Merman, supra* at 557). Contrary to the defendant's argument, the durable statutory short-form power of attorney executed by the president of the plaintiff corporation in his individual capacity was sufficient to establish the authority, readiness, and ability of his attorney-in-fact to close title at the appointed time because it was properly supplemented with additional language that expressly empowered the attorney-in-fact to execute all documents necessary to close title on behalf of the plaintiff corporation (*see* General Obligations Law § 5-1503 [2], [3]; *see also* General Obligations Law § 5-1502E [3] [a]-[d]; *cf. 288 St. Nick v 288 Kiseki Realty*, 285 AD2d 357, 358 [2001]).

The defendant failed to raise a triable issue of fact in opposition to this proof. Moreover, the defendant's contention that there are triable issues of fact as to whether the plaintiff was precluded from seeking specific performance of the contract by

virtue of unclean hands was raised for the first time in connection with the defendant's motion for reargument. "A motion for reargument is not designed to provide an unsuccessful party with successive opportunities to present arguments different from those already presented" (*Gellert & Rodner v Gem Community Mgt., Inc.*, 20 AD3d 388, 388 [2005]; *see McGill v Goldman*, 261 AD2d 593, 594 [1999]; *Matter of Mayer v National Arts Club*, 192 AD2d 863, 865 [1993]; *Foley v Roche*, 68 AD2d 558, 567-568 [1979]). Therefore, there was no need for the Supreme Court to address that issue. In any event, the defendant's contention in this regard is without merit (*cf. Galuth Realty Corp. v Greenfield*, 103 AD2d 819 [1984]).

Accordingly, the Supreme Court properly denied the branch of the defendant's motion which was for summary judgment dismissing the complaint, and, upon, in effect, searching the record, properly awarded the plaintiff summary judgment on its cause of action for specific performance. Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.