■ RONALD JOHANSEN et al., Appellants, v GILLEN LIVING TRUST et al., Respondents. [882 NYS2d 202]—

In an action, inter alia, for specific performance of an option to purchase certain real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated April 22, 2008, as denied their motion for a preliminary injunction and granted that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

The doctrine of res judicata provides that "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *see Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 122 [2008]; *Sandhu v Mercy Med. Ctr.*, 54 AD3d 928 [2008]; *Barbieri v Bridge Funding*, 5 AD3d 414 [2004]). Here, each cause of action pleaded by the plaintiffs was determined on the merits by the Supreme Court in a prior action, either as a primary or alternative ground (*see Matter of People v Applied Card Sys., Inc.*, 11 NY3d at 122; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d at 485; *Sandhu v Mercy Med. Ctr.*, 54 AD3d 928 [2008]). Furthermore, the plaintiffs in the instant action were in privity with the plaintiff in the prior action, as the plaintiffs herein exercised control over the prior action and ensured that their interests were represented therein (*see Buechel v Bain*, 97 NY2d 295, 304-305 [2001]; *Evergreen Bank v Dashnaw*, 246 AD2d 814, 816-817 [1998]; *cf. Green v*

*Santa Fe Indus.*, 70 NY2d 244, 253-254 [1987]). Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the complaint on the ground that the action was barred by the doctrine of res judicata.

In light of the foregoing determination, the plaintiffs' remaining contentions have been rendered academic. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.