OPINION OF THE COURT
Edward A. Maron, J.
Plaintiff (husband) moves by notice of motion dated August 30, 2011 seeking an order (1) granting this motion to reargue husband’s motion to this court based upon matters of law and fact that were overlooked and misapprehended by the court; (2) upon reargument, for a further order modifying this court’s decision and order, dated August 8, 2011, and bringing it in conformity with Justice Carol MacKenzies’ order, dated August 10, 2010, pursuant to the rules of res judicata and collateral estoppel, and directing defendant (wife) to pay half the mortgage/homeowners insurance/taxes and pay all the rest of the carrying charges on the marital residence where she chooses to reside by herself; (3) upon reargument, for a further order vacating part of this court’s decision and order, dated August 8, 2011, which directed, sua sponte, that husband pay half the water, heating fuel, landscaping and health insurance premium because wife failed to submit a proper motion or cross motion in conformity with the requirements of the CPLR; (4) upon reargument, for a further order vacating part of this court’s decision and order, dated August 8, 2011, which directed, sua sponte, *808 that husband pay half the water, heating fuel, landscaping and health insurance premium because wife failed to submit a sworn statement of net worth or substantiate the record pursuant to Domestic Relations Law § 236 (B) (6), (7) and (8); and (5) upon reargument, granting husband’s application for attorney fees based on Domestic Relations Law § 237 and “Court Rule § 130.1 [sic].”
Wife opposes husband’s motion and moves by notice of cross motion dated September 12, 2011 seeking an order (1) awarding wife sanctions in the form of a counsel fee award in the sum of $3,500 against husband and/or his counsel pursuant to 22 NYCRR 130-1.1 by reason of the frivolous litigation generated by husband and his counsel; and (2) denying, in its entirety, the relief sought in husband’s motion.
Background
Husband argues, in support of his application to reargue, that this court misapplied the law when it failed to conform its pendente lite order to the pendente lite order of Justice MacKenzie, which was rendered in a prior divorce action in Suffolk County Supreme Court on identical facts and on the merits. The prior divorce action was discontinued by husband on or about August 2010.
Husband argues that this court erred in rendering a pendente lite order in this action, which is dissimilar to Justice MacKenzies’ pendente lite order, which he argues was decided on the merits.
Wife argues that contrary to husband’s arguments that the doctrines of res judicata and collateral estoppel should apply, such doctrines do not apply when a prior divorce action has been voluntarily discontinued.
Husband also argues that this court erred when it sua sponte awarded the wife affirmative relief, to wit: directing husband to contribute to the water, heating fuel and landscaping expenses of the marital residence; and directed husband to pay one half of the health insurance premiums for the parties’ coverage.
Decision and Order
It is well settled that “[mjotions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or mistakenly arrived at its earlier decision.” (Viola v City of New York, 13 *809 AD3d 439, 440 [2d Dept 2004]; Carrillo v PM Realty Group, 16 AD3d 611 [2d Dept 2005]; McNeil v Dixon, 9 AD3d 481 [2d Dept 2004].) A motion to reargue is not to afford an unsuccessful party with additional opportunities to reargue issues' previously decided, or to set forth arguments which differ in substance from those originally articulated. (McGill v Goldman, 261 AD2d 593 [2d Dept 1999]; Woody’s Lbr. Co., Inc. v Jayram Realty Corp., 30 AD3d 590 [2d Dept 2006]; Gellert & Rodner v Gem Community Mgt., Inc., 20 AD3d 388 [2d Dept 2005].)
The doctrine of res judicata states that “as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action.” (Johansen v Gillen Living Trust, 63 AD3d 1006, 1006 [2d Dept 2009].)
With respect to the doctrine of collateral estoppel, the Second Department has held that
“[t]he two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue.” (Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1227 [2d Dept 2009].)
Although husband argues that all the elements of res judicata and collateral estoppel have been satisfied in the present case, the court does not agree that these doctrines apply.
“When an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified.” (Newman v Newman, 245 AD2d 353, 354 [2d Dept 1997].) Justice MacKenzie’s order for temporary pendente lite relief was vacated upon husband’s voluntary discontinuance of the Suffolk County divorce action. The prior order was admittedly a pendente lite order, meaning the relief granted therein is temporary and to accommodate the parties pending the litigation. Accordingly, this court was in no way obligated to conform its pendente lite decision to the prior pendente lite order.
Accordingly, branch “1” of husband’s motion is denied. This court did not misapply the law in rendering its August 8, 2011 decision. Branch “2” of husband’s motion is, a fortiori, denied.
*810 Husband’s argument that this court sua sponte granted wife affirmative relief is misguided. The last branch of husband’s prior application, dated April 27, 2011, seeks and order “[flor such other and further relief as to this Court deems just and proper.” (Emphasis added.) This court carefully analyzed the parties’ respective submissions on the prior motion and rendered an order, which was just and proper based upon the circumstances of the parties and the case as presented to the court therein. Accordingly, branches “3” and “4” of husband’s motion are denied. (See Clair v Fitzgerald, 63 AD3d 979 [2d Dept 2009]; Frankel v Stavsky, 40 AD3d 918 [2d Dept 2007].)
In light of the foregoing, branch “5” of husband’s motion is denied.
22 NYCRR 130-1.1 (a) provides, in pertinent part:
“The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Subpart.”
22 NYCRR 130-1.1 (c) further provides that
“[f]or purposes of this Part, conduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
“(3) it asserts material factual statements that are false.”
22 NYCRR 130-1.1 (c) further provides
“In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues [,] the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its *811 lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.”
In consideration of the foregoing, the court finds that husband’s motion was completely without merit in the law and that in fact the application was intended to delay the instant proceedings. Accordingly, wife’s motion is granted in its entirety, and wife’s counsel shall submit to this court a final bill and affirmation as to legal services rendered on behalf of wife in defense of the instant applications (motion sequence Nos. 002-003). Counsel shall submit said bill to this court and provide a copy to husband’s counsel by December 16, 2011. Upon submission of counsel’s bill and affirmation for services, the court will issue an order directing husband to pay wife’s counsel the sum determined by the court.
All matters not decided or requests for relief not granted herein are hereby denied.