OPINION OF THE COURT
Bernice D. Siegal, J.
It is hereby ordered that the motions are resolved as follows:
Royal One Real Estate, LLC moves for leave to reargue, pursuant to CPLR 2221, a prior motion for summary judgment and dismissal of plaintiff’s complaint and Vista Engineering Corporation likewise moves for leave to reargue its prior motion for summary judgment and dismissal of plaintiff’s complaint.*
Background
Plaintiff in this negligence/Labor Law action seeks damages for personal injuries sustained on October 6, 2010, when he fell after stepping into a hole in the ground at a storage yard located at 42-31 Crescent Street in Long Island City, New York. The undisputed record indicates that plaintiff fell into the hole while carrying a five-gallon bucket full of concrete. At the time of the incident, plaintiff was employed by East Coast Painting and Maintenance, LLC.
Vista was awarded a contract by the New York City Transit Authority to perform painting and scraping work for the elevated structures at Queensboro Plaza South. Royal owns the undeveloped earthen lot where plaintiff fell, 42-31 Crescent Street, located several blocks from the work site. Vista leased this lot from Royal, for use as a construction storage yard. Vista hired East Coast as a subcontractor to paint and scrape portions of the bridge construction site. Daniel Ribeiro also known as Daniel Riberio and Jordano Bessa was employed as a bridge painter for East Coast in October 2010.
*589 The underlying motions for summary judgment were determined as follows: awarding Royal and Vista dismissal of plaintiff’s Labor Law § 241 (6) claims predicated upon Industrial Code (12 NYCRR) § 23-1.7 (e) (2) and (b) (1); denying East Coast’s motion to dismiss Vista’s claims of contractual indemnification and cause of action for breach of contract; awarding East Coast dismissal of the contribution and common-law indemnification claims; and awarding Vista summary judgment on its contractual indemnification claim from East Coast.
The sole issue before this court upon reargument is whether Royal and Vista (hereinafter collectively as movants) are entitled to reargument on the issue of plaintiff’s alleged fraud with respect to his use of a fictitious name for the purpose of commencing the within action.
Facts
Plaintiff testified at his examination before trial (EBT) that his full name is Daniel Ribeiro. Plaintiff is a Brazilian national without status in the United States. (EBT at 12, lines 2-7.) Plaintiff also testified that he assumed the name “Jordano Bessa” in 1997, after a friend provided him with identification so that plaintiff could work as a bridge painter. (EBT at 13, lines 17-24.) The order issued March 26, 2014 did not address Royal’s claim that the current action cannot be maintained because plaintiff filed suit under the assumed name of another individual plaintiff therefore perpetrating a fraud. Defendants seek reargument on this basis and dismissal of plaintiff’s claims in their entirety.
Movants’ motions to reargue are granted and upon reargument this court denies movants’ motions to dismiss as more fully set forth below.
Discussion
Reargument
Motions for reargument are “addressed to the sound discretion of the court.” (McGill v Goldman, 261 AD2d 593, 594 [2d Dept 1999]; Frisenda v X Large Enters., 280 AD2d 514, 515 [2d Dept 2001]; see also V. Veeraswamy Realty v Yenom Corp., 71 AD3d 874, 874 [2d Dept 2010]; Barnett v Smith, 64 AD3d 669, 670 [2d Dept 2009]; E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654 [2d Dept 2007].) Additionally, motions for reargument are controlled by CPLR 2221 (d) which states in pertinent part,
*590 “[a] motion for leave to reargue:
“1. shall be identified specifically as such;
“2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and
“3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.”
Thus, a motion to reargue is not designed to provide an opportunity to present new arguments that were not originally presented, but rather to provide parties with the opportunity to show that the court overlooked or misapprehended the relevant facts or principles of law. (Amato v Lord & Taylor, Inc., 10 AD3d 374, 375 [2d Dept 2004]; McGill, 261 AD2d at 594.)
The court failed to address the portion of the motions made by Vista and Royal for dismissal of plaintiffs cause of action on the grounds that plaintiff committed a fraud by assuming the name of “Jordano Bessa.” Accordingly, movants’ motions for re-argument are granted.
Motion to Dismiss Based on Fraud
Movants contend that plaintiff committed a fraud when he assumed the name “Jordano Bessa” in 1997 after a friend provided him with identification so that plaintiff could work as a bridge painter and that this alleged fraud is a bar to plaintiff’s action. The act of assuming a fictitious name has previously been held to be insufficient grounds for dismissing a lawsuit. (Sheppard v Ridgewood Grove, Inc., 126 NYS2d 761 [Sup Ct, Kings County 1953], citing International Union Bank v National Sur. Co., 245 NY 368 [1927].) Furthermore, it has likewise been held that a contract exists between two parties as they know one another; however assuming the name of another third-party individual does not bind that third party in contract. (Maslin v Columbian Natl. Life Ins. Co., 3 F Supp 368 [SD NY 1932] [finding where a healthy man assumed the identity of a diseased man in order to gain life insurance the contract existed only between the insurance company and the person examined, not the diseased man].)
Royal and Vista contend that Sheppard stands for the proposition that a party may not maintain an action for breach of contract under a fictitious name; however this is unsupported. Sheppard clearly states, “[i]n the absence of any statutory re *591 striction, or fraud, ... a party may contract and sue in a fictitious name, it being the identity of the individual that is regarded.” (Sheppard, 126 NYS2d at 762; see also Gotthelf v Shapiro, 136 App Div 1, 3 [1909] [stating “(i)t is the identity of the individual that is regarded, not the name that he may bear or chose to assume” and holding plaintiff could still foreclose on property although defendant adopted his brother’s name throughout the mortgage transaction].) The Sheppard court dismissed the defense and did not bar the plaintiff from maintaining the action because he contracted in a fictitious name. (Sheppard, 126 NYS2d at 762 [holding “(t)his defense is insufficient and is dismissed”].)
Furthermore, filing this action under his assumed name, Jordano Bessa, does not prejudice Royal or Vista, as neither knew the plaintiff prior to this action. Royal only knew that it leased the lot to Vista, which subcontracted the work to East Coast. East Coast knew the plaintiff only as Jordano Bessa: all forms, credentials, and accident reports relating to his employment were in that name. To file his suit under the name Daniel Riberio would be to deceive and complicate defendants’ discovery and ability to defend the action.
Similarly, Royal and Vista claim that plaintiff has committed fraud by commencing the instant action under his assumed name and therefore the complaint should be dismissed. However, neither defendant offers convincing supporting precedent for this claim. Vista and Royal cite Pastrana v City of New York (262 AD2d 53 [1st Dept 1999]) and Brady v City of New York (257 AD2d 466 [1st Dept 1999]) for support that the plaintiffs action should be dismissed because he filed under an assumed name. However, the Pastrana case is inapplicable as the defendants in Pastrana could not effectively defend the action without obtaining a medical authorization from the actual Medicaid holder as well as the plaintiff, and difficulties would remain in determining which of the women actually received which services. (Pastrana, 262 AD2d at 54 [where plaintiff’s use of an assumed name of another individual was only to obtain Medicaid benefits for breast implant surgery and thus prejudiced the defendants’ ability to defend the plaintiffs malpractice claim].) Herein there has been no showing of prejudice. Brady is likewise inapplicable. In Brady, the claimant provided both a false name and address in the notice, severely hindering the defendant municipal corporation from investigating the claim. (Brady, 257 AD2d at 466.) Herein, plaintiff con *592 sistently used an assumed name for all employment related documents. Furthermore, defendants do not claim that plaintiffs use of an assumed name hindered their ability to defend the present negligence/Labor Law action. Moreover, it is uncontested that the plaintiff was the party injured. Thus, Brady and Pastrana are distinguishable from the current action because the defendants’ ability in Brady and Pastrana to properly research and defend the actions against them was hampered by the respective plaintiffs fraud.
Labor Law § 2 (5) defines “employee” as, “a mechanic, workingman or laborer working for another for hire.” The definition does not leave room for interpretation; an employee is any person who has been hired to work. Here, it is undisputed that the plaintiff was a laborer working for hire on Royal’s property. “[T]he clear legislative history of sections 200, 240 and 241 of the Labor Law . . . demonstrates that the Legislature’s principal objective and purpose underlying these enactments was to provide for the health and safety of employees.” (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577 [1990].) “The Labor Law, therefore, applies to all workers in qualifying employment situations — regardless of immigration status— and nothing in the relevant statutes or our decisions negates the universal applicability of this principle (see generally Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 50-51 [2004])” (Balbuena v IDR Realty LLC, 6 NY3d 338, 358-359 [2006]). Abbatiello defined the “special class” where absolute liability is imposed on owners as a person “permitted or suffered to work on a building or structure and . . . hired by someone, be it [the] owner, contractor or their agent.” (Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 50-51 [2004]; but see Hoffman Plastic Compounds, Inc. v NLRB, 535 US 137 [2002] [distinguishing the award of backpay for work performed by an illegal immigrant].)
It is a well-established principle in tort law that an employer has a duty to exercise reasonable care to protect his or her employees from known dangers. (27 Am Jur 2d, Employment Relationship § 181 [2015]; Restatement [Second] of Torts § 314B; but see Probst v Delamater, 100 NY 266, 273 [1885] [holding that when the employer has exercised all the “care and caution . . . which a prudent man would take for the safety and protection of his own person,” the employer has fulfilled his or her duty of care to an employee and is not liable for the employee’s injuries].) Labor Law § 200 codified this common-law duty of *593 an employer to protect the health and safety of his or her employees. (La Veglia v St. Francis Hosp., 78 AD3d 1123, 1125 [2d Dept 2010]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503 [1993].)
“As between an undocumented worker and the federal government, the act of submitting fraudulent documents in order to secure employment is unlawful (see 8 USC § 1324c [a]). As between the employer and the federal government, the act of hiring an undocumented worker knowingly or without verifying his or her employment eligibility is unlawful (see 8 USC § 1324a [a] [1]). As between the undocumented worker and the employer, however, there is a contract of employment, under which the worker is entitled to be paid for his or her work. Moreover, as between the worker and an alleged tortfeasor, there are duties under the common law and the New York statutes governing workplace safety (see Labor Law § 240 [1]; § 241 [6]).” (Majlinger v Cassino Contr. Corp., 25 AD3d 14, 24-25 [2d Dept 2005].)
The Labor Law is blind as to status. Therefore, the plaintiffs use of an assumed identity, although unlawful, does not eradicate the defendants’ liability. “The contractual, statutory, and common-law duties owed to the worker are unrelated to, and do not depend on, the worker’s compliance with federal . . . laws.” (Id. at 25; see Mendoza a Monmouth Recycling Corp., 288 NJ Super 240, 247, 672 A2d 221, 224-225 [1996].)
Herein, the use of an assumed name does not directly relate to the subject matter of the litigation. The plaintiff is suing under negligence and the Labor Law and therefore whether he used his legal or assumed name at work has no effect on his claims; his claims are not dependent on the use of Jordano Bessa or Daniel Ribeiro as his name.
Thus, plaintiff’s use of an assumed name is irrevelant in the current Labor Law and negligence action, because “[u]nder common-law negligence principles, and pursuant to Labor Law § 200, a landowner has a duty ‘to provide workers with a reasonably safe place to work.’ ” (Soskin v Scharff, 309 AD2d 1102, 1105 [3d Dept 2003], quoting Lombardi v Stout, 80 NY2d 290, 294 [1992].) Plaintiff’s Labor Law § 200 claim is based on a dangerous work site condition, the hole in the ground, that occurred on Royal’s property. Plaintiff claims that overgrown vegetation and poor lighting at the lot created a dangerous *594 work site at the lot, which is owned by Royal. When the accident results from a dangerous work site condition, there is no requirement that defendant supervise and control plaintiff’s work in order to impose liability. (Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904, 906 [1st Dept 2011].) The protection afforded by Labor Law § 200 applies beyond construction work and construction workers; section 200 protects all employees in “[a]ll places to which [the Labor Law] applies.” (Jock v Fien, 80 NY2d 965, 967 [1992]; see Labor Law § 2 [9], [10].) Whether the plaintiff used his given name or an assumed name does not render Labor Law § 200 inapplicable. (See Labor Law § 200 [1] [“All places to which this chapter applies shall be . . . operated ... to provide . . . protection to the lives, health and safety of all persons employed therein”].) Thus, because the Labor Law applies to all employees and codifies the common-law principle that a master owes his servant a reasonable duty of care, the name an employee is known by to his or her employer is irrevelant.
Conclusion
The Labor Law exists to protect all employees. This protection exists independently of an immigrant employee’s work status. Plaintiff’s filing of this suit under an assumed name did not prejudice defendants, as it was the name he was known as in the profession, and does not sever the protections afforded him by the Labor Law. For the reasons set forth above, movants’ motions for reargument are granted, and upon re-argument the court denies movants’ motions for dismissal of plaintiff’s cause of action based on fraud.

 The court notes that the papers submitted by Vista were not properly bound and the court was left with loose papers that were detached from the original binding. This caused a considerable delay in the processing of the within motion, and was in derogation of court rules.