Quality Health Supply Corp., as Assignee of Defoe, Ecedro, Respondent, 
against
MVAIC, Appellant. 




Marshall & Marshall, PLLC (Frank D'Esposito of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J. McAllister, J.), entered September 18, 2018. The order granted plaintiff's motion for leave to reargue its opposition to defendant's prior motion to vacate its default, which prior motion had been granted in an order of that court (Andrew Borrok, J.) entered September 14, 2017, and, upon reargument, vacated the order entered September 14, 2017 and denied defendant's motion.




ORDERED that the order entered September 18, 2018 is reversed, with $30 costs, the branch of plaintiff's motion seeking leave to reargue is denied, and the order entered September 14, 2017 is reinstated.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which granted plaintiff's motion for leave to reargue its opposition to defendant's prior motion to vacate its default, which motion had been granted in an order of that court entered September 14, 2017, and, upon reargument, vacated the September 14, 2017 order and denied defendant's motion.
A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). However, "a motion for leave to reargue 'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented' " (V. Veeraswamy Realty v Yenom Corp., 71 AD3d 874, 874 [2010], quoting McGill v Goldman, 261 AD2d 593, 594 [1999]). 
A defendant seeking to vacate a default in appearing or answering based on an excusable default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the motion court (see Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]). Where, as here, plaintiff's sparse motion [*2]papers appear to simply argue that the Civil Court erred when it exercised its discretion and granted defendant's prior motion to vacate defendant's default, the Civil Court improvidently exercised its discretion in granting the branch of plaintiff's motion seeking leave to reargue.
Accordingly, the order entered September 18, 2018 is reversed, plaintiff's motion for leave to reargue is denied, and the order entered September 14, 2017 is reinstated.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019