**Mortgage Assets Mgt., LLC v Steven C. Patti**

2025 NY Slip Op 31856(U)

May 27, 2025

Supreme Court, Nassau County

Docket Number: Index No. 008220/2013

Judge: Edmund M. Dane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT : STATE OF NEW YORK
COUNTY OF NASSAU

PRESENT:
Hon. Edmund M. Dane, J.S.C.

---

MORTGAGE ASSETS MANAGEMENT, LLC,

                                    Plaintiff,

        -against-

STEVEN C. PATTI, AS HEIR, DEVISEE, DISTRIBUTEE OF
THE ESTATE OF MAMIE PATTIE AKA MAY PATTI, LYNN
CORDINGLEY AKA LYNN ANN PATTI, AS HEIR, DEVISEE
DISTRIBUTEE OF THE ESTATE OF MAMIE PATTI AKA
MAY PATTI; DONNA POUPIS AKA DONNA PATTI, AS
HEIR, DEVISEE, DISTRIBUTEE OF THE ESTATE OF MAMIE
PATTI AKA MAY PATTI; JOANNE STASI, AS HEIR,
DEVISEE, DISTRIBUTEE OF THE ESTATE OF MAMIE
PATTI AKA MAY PATTI; UNITED STATES OF AMERICA,
ACTING ON BEHALF OF THE SECRETARY OF HOUSING
AND URBAN DEVELOPMENT; UNITED STATES OF
AMERICA, ACTING ON BEHALF OF DEPARTMENT OF
TREASURE-INTERNAL REVENUE SERVICE; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
"JOHN DOE #1" through "JOHN DOE #10", said names
being fictitious and unknown to plaintiff, intended to be possible
tenants or occupants of the premises, or corporations, persons,
or other entitles having or claiming a lien upon the mortgaged
premises,

                                    Defendants.

---

**Index No.: 008220/2013**

**FORECLOSURE PART**

**TRIAL/IAS PART 10**
**Submission Date: 11/15/2024**
**Motion Sequence No.: 010**

**DECISION & ORDER**

---

The following papers have been read on these motions:
Plaintiff's Notice of Motion for Reargument and Further Relief dated March 7, 2025[1]............................x
Defendant's Memorandum of Law in Opposition dated March 19, 2025[2]............................................x
Plaintiff's Memorandum of Law in Reply dated March 28, 2025[3]................................................x

Preliminary Statement

        The Plaintiff (hereinafter "Mortgage Assets") moves by Notice of Motion for Reargument and
Further Relief dated March 7, 2025 (Motion Sequence No.: 010) seeking an Order: pursuant to Civil Practice

---

[1]        NYSCEF Document Nos.: 128-130.

[2]        NYSCEF Document Nos.: 132-133.

[3]        NYSCEF Document No.: 135.

[* 1]

Law and Rules ("CPLR") 2221(d), granting reargument of this Court's Decision & Order dated February 5, 2025, which, inter alia, granted dismissal of this action for lack of personal jurisdiction over defendant Steven C. Patti; and upon the grant of reargument, vacating said Decision & Order, reinstating the action, and granting Plaintiff's underlying motion for summary judgment filed on September 19, 2024.

The Defendant, Steven C. Patti (hereinafter "Steven") opposes the motion.

<u>Background</u>

This case has a substantial litigation history. This action was commenced on or about July 8, 2013, by the filing of a Summons and Complaint with the Nassau County Clerk's Office. This action concerns the premises located at 32 Woodside Avenue, Malverne, New York 11565 (hereinafter the "Premises"). The original Plaintiff in this action was Generation Mortgage Company (hereinafter "Generation").

On August 21, 2013, Mamie Patti (hereinafter "Mamie") interposed a Verified Answer. On October 2, 2014, the Court (Hon. Michelle M. Woodard, J.S.C.) issued a Short Form Order (hereinafter the "October 2014 Order") which, inter alia, granted summary judgment, struck Mamie's Answer, and granted an Order of Reference. On February 9, 2015, the Court (Hon. Anthony L. Parga, J.S.C.) issued a Decision and Order (hereinafter the "February 2015 Order") which, inter alia, granted Mamie's motion to vacate the October 2014 Order and permitted Mamie to file opposition to the motion for summary judgment. On November 5, 2015, the Court (Hon. Anthony L. Parga, J.S.C.) issued a Decision and Order (hereinafter the "November 2015 Order") which, inter alia, denied, without prejudice, the plaintiff's motion for summary judgment. On February 8, 2017, the Court (Hon. Anthony L. Parga, J.S.C.) issued a Decision and Order (hereinafter the "February 2017 Order") which, inter alia, again denied, without prejudice, the plaintiff's motion for summary judgment.

On April 10, 2019, an "At-Risk" approval letter was issued, which stayed the within action until April 5, 2020.

On June 14, 2019, however, Mamie died.

In March, 2020, due to the onset of the COVID-19 global health pandemic, residential foreclosure actions, as a result of various Administrative Orders of the Court an Executive Orders of the Governor, were suspended.

On May 15, 2023, the Court (Hon. David P. Sullivan, J.S.C.) issued an Order Substituting Party Defendants and Related Relief (hereinafter the May 2023 Order). The May 2023 Order, inter alia and in sum and substance, substituted Mortgage Assets in place and stead of Generation, and, among other defendants, substituted Steven in place and stead of Mamie. The caption was amended accordingly and to the effect set forth in the May 2023 Order.

On June 10, 2024, this Court issued a Decision and Order (hereinafter the "June 2024 Order") which, inter alia, denied, without prejudice, Mortgage Assets motion for summary judgment and denied, without prejudice, Steven's motion seeking dismissal of this action.

On February 5, 2025, this Court issued a Decision and Order (hereinafter the "February 2025 Order"), which, inter alia, granted Steven's application seeking dismissal of this action, cancelled the Notice of Pendency on the Premises, and denied Mortgage Assets' motion seeking summary judgment as academic.

[* 2]

The Parties' Contentions

In support of their application, Mortgage Assets asserts that the Court overlooked the fact that Steven was already a party to the action and he was previously served with process as a "John Doe" occupant of the subject Premises back in 2013, and, because he was already a party, the law relied upon by the Court was not applicable. Mortgage Assets argues that the law relief upon in the February 2025 Order - *Topal v. BFG Corp.* - is inapplicable because in that case, the deceased person's personal representative was not a party to that action at that point, whereas here, Steven has been a party to this action since 2013, initially named as "John Doe"/

In opposition, Steven alleges that the Court did not overlook or misapprehend any facts or law, and that the Court was divested of jurisdiction upon the death of Mamie. Steven also argues, in effect, that Mortgage Assets was required to revive the action by serving the substitution motion on Steven and his sisters, something that Mortgage Assets failed to do. Steven also argues that in order to revive an action upon the death of a party, the party seeking substitution is required to move under CPLR 1021, which motion must be served in accordance with Article 3 of the CPLR.

In opposition to Steven's cross-motion and in reply, Mortgage Assets argues that they established its prima facie case for foreclosure, as they submitted a copy of the recorded Mortgage, the Note and evidence of default. Mortgage Assets argues that Steven was properly substituted as a party in place and stead of Mamie, and that it is "untrue" that Steven was not served with the Summons and Complaint.

In reply, Mortgage Assets reiterates that Steven was previously served with the summons in 2013.

**DISCUSSION + ANALYSIS**

Reargument

CPLR § 2221(d) provides, in relevant part, that:

(d) A motion for leave to reargue:

1. shall be identified specifically as such;

2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and

3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. This rule shall not apply to motions to reargue a decision made by the appellate division or the court of appeals.

A motion for leave to reargue is addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law, or for some reason mistakenly arrived at its earlier decision. *Beverage Marketing USA, Inc. v. South Beverage Co., Inc.,* 58 A.D.3d 657 (2d Dept. 2009); *See* CPLR § 2221. A motion for leave to reargue shall not include any matters of fact not offered on the prior motion and is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented. *Mazinov v. Rella,* 79 A.D.3d. 979, 980 (2d Dept., 2010); quoting *McGill v. Goldman,* 261 A.D.2d 593, 594 (2d Dept. 1999); CPLR § 2221. In addition thereto, as the Practice

Commentaries to CPLR 2221 provide, a motion to reargue shall contain reasonable justification for the failure to present such facts on the prior motion.

The May 2023 Order provided, inter alia, that Steven was "...*substituted* in place and stead of Mamie..." Steven was not a *named* party prior to the May 2023 Order, no better underscored by the fact that he was only *substituted* on May 15, 2023, the date of the May 2023 Order. Contrary to the contentions of Mortgage Assets, Steven was not a *named party* prior to the May 2023 Order. A party's death divests the court of jurisdiction until there is a substitution for the deceased party, as required by CPLR § 1015. *See* Commentary, CPLR § 1021. The Court therefore finds that Mortgage Assets was required to serve the Substitution Motion was required to be served accordance with CPLR §§ 308(1), (2), (3) or (4). Mortgage Assets provided no evidence that the Substitution Motion was served as stated aforesaid. Therefore, the Court did not overlook, nor misapprehend, any facts or law, and, accordingly, it is hereby:

ORDERED, that Mortgage Assets Notice of Motion for Reargument and Related Relief dated March 7, 2025 be and the same is hereby DENIED; and it is further

ORDERED, that THE Clerk of the Court is hereby directed to cancel the Notice of Pendency upon payment of the proper fees, if any, with respect to the subject Premises, located at 32 Woodside Avenue, Malverne, New York 11565, Section 37, Block 510, Lot 210 to 212.

Any other relief requested not specifically addressed herewith is hereby DENIED.

The foregoing constitutes the Decision and Order of the Court.

Dated:  Mineola, New York
May 27, 2025

ENTER:

Hon. Edmund M. Dane, J.S.C.

[* 4]

4 of 4