(August 9, 2004)

■ ANTONIO AMATO, Respondent, v LORD & TAYLOR, INC., et al., Appellants. [781 NYS2d 125]—

In an action to recover damages for personal injuries, the

defendants appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 15, 2004, which granted the plaintiff's motion for leave to reargue their prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court entered August 4, 2003, and, upon reargument, in effect, vacated the order entered August 4, 2003, and denied the motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for leave to reargue is denied, and the order entered August 4, 2003, is reinstated.

The Supreme Court erred in granting the plaintiff's motion for leave to reargue. The plaintiff did not establish that the Supreme Court misapprehended the law or the facts in granting the defendants' prior motion for summary judgment dismissing the complaint (*see* CPLR 2221 [d] [2]; *Collins v Stone,* 8 AD3d 321 [2004]). Further, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to present arguments different from those originally presented (*see McGill v Goldman,* 261 AD2d 593, 594 [1999]; *Matter of Mayer v National Arts Club,* 192 AD2d 863, 865 [1993]; *Foley v Roche,* 68 AD2d 558, 567-568 [1979]). Here, the plaintiff did not originally present the argument regarding the applicability of the doctrine of res ipsa loquitur.

In any event, even if we were to find that reargument was proper, the Supreme Court improperly found that a question of fact exists as to whether res ipsa loquitur may be invoked. The plaintiff's proof consisted only of the bare affirmation of his attorney who "demonstrated no personal knowledge of the manner in which the accident occurred" (*Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]). Altman, J.P., Crane, Fisher and Lifson, JJ., concur.