ANDREA PRYOR, Appellant, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent. [793 NYS2d 452]—

Motion by the defendant for leave to reargue or, in the alternative, for clarification of a decision and order of this Court dated November 17, 2003 [1 AD3d 494], which determined an appeal from an order of the Supreme Court, Suffolk County, dated June 12, 2002.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that so much of the motion as seeks clarification of the decision and order dated November 17, 2003, is granted, and the motion is otherwise denied; and it is further,

Ordered that the decision and order dated November 17, 2003, in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for breach of a title insurance policy and for a declaration that the defendant is obligated to defend and indemnify the plaintiff for legal fees, costs, and expenses incurred in prosecuting this action and a related action entitled *Pryor v Dinan*, pending in the Supreme Court, Suffolk County, under index No. 01663/99, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 12, 2002, as granted the defendant's motion for leave to reargue the plaintiff's prior cross motion for summary judgment which was determined in an order of the same court dated September 28, 2001, and upon reargument, inter alia, denied the motion for summary judgment and dismissed those portions of the complaint seeking a declaration that the defendant is obligated to defend the plaintiff in the related action, indemnify her for legal fees, costs, and expenses

incurred in that action, and indemnify her for legal fees, costs, and expenses in this action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for leave to reargue is denied, the order dated September 28, 2001, is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in accordance herewith.

The plaintiff is the owner of certain real property, the title to which is insured by a policy issued by the defendant. After a dispute arose between the plaintiff and an adjacent property owner concerning the ownership of certain property near a shared border, the plaintiff wrote the defendant and demanded that it provide legal representation to defend her title to the disputed property. The defendant disclaimed coverage on the ground that the disputed property was not within the property described in the insurance policy issued to the plaintiff and, therefore, the title to the same was not insured under the policy. The plaintiff thereafter commenced an action against the adjacent property owner to quiet title entitled *Pryor v Dinan* (Sup Ct, Suffolk County, index No. 01663/99). The plaintiff also commenced the action at bar alleging that the defendant had breached the insurance policy by disclaiming coverage. The plaintiff sought damages for the alleged breach and a declaration, inter alia, that the defendant was obligated to provide legal representation and indemnify her in *Pryor v Dinan (supra)*. After issue was joined, the defendant moved to dismiss the complaint for the reason stated in its disclaimer letter. The plaintiff cross-moved for summary judgment on her demands for declaratory relief. By order dated September 28, 2001, the Supreme Court denied the defendant's motion and granted so much of the plaintiff's cross motion as was for a declaration that the defendant was obligated to provide legal representation in the action entitled *Pryor v Dinan (supra),* and to reimburse her for the costs, attorneys' fees, and expenses already incurred in that action. The defendant thereafter moved for leave to reargue, asserting for the first time that the declaratory relief granted the plaintiff violated the terms of the insurance policy. By order dated June 12, 2002, the Supreme Court granted reargument and, upon reargument, granted so much of the defendant's motion for summary judgment as was to dismiss the plaintiff's demand for declaratory relief except insofar as she sought indemnification for any loss to the value of the title to property insured under the policy. We reverse the grant of leave to reargue and reinstate the order dated September 28, 2001.

A motion for leave to reargue "shall be based on matters of

fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]; *see Amato v Lord & Taylor, Inc.,* 10 AD3d 374 [2004]). The motion does not offer an unsuccessful party, as here, successive opportunities to present arguments not previously advanced (*see Amato v Lord & Taylor, Inc., supra; Frisenda v X Large Enters.,* 280 AD2d 514 [2001]). Thus, the Supreme Court improvidently exercised its discretion in granting the defendant leave to reargue. Accordingly, the order dated September 28, 2001, is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in accordance therewith.

The plaintiff's remaining contentions lack merit or need not be reached in light of our determination. Ritter, J.P., Krausman, Smith and Rivera, JJ., concur.