■ VINCENT CRUZ, Appellant, v MASADA AUTO SALES, LTD., et al., Respondents. [835 NYS2d 919]—In an action, inter alia, to recover damages for breach of warranty and violation of General Business Law § 198-b, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered December 21, 2006, as granted that branch of the defendants' motion which was for leave to reargue their motion to deem them in compliance with a discovery order dated October 18, 2005, which motion was determined in an order of the same court dated June 26, 2006, and, upon reargument, vacated the order dated June 26, 2006, and granted that branch of the defendants' motion which was to deem them in compliance with the discovery order.

Ordered that the order entered December 21, 2006 is affirmed insofar as appealed from, with costs.

A motion for leave to reargue "shall be based on matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]; *see Pryor v Commonwealth Land Tit. Ins. Co.,* 17 AD3d 434, 435-436 [2005]).

Contrary to the plaintiff's contention, however, the defendants' motion for leave to reargue was not improperly based upon new arguments not previously advanced. Moreover, upon reargument, the Supreme Court properly vacated the order dated June 26, 2006 and properly granted that branch of the defendants' motion which was to deem them in compliance with the discovery order dated October 18, 2005. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.