■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETTE WILSON, Appellant. [859 NYS2d 165]—

Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered January 26, 2007, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in

the fourth degree and identity theft in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing evidence supports the court's finding that the arresting officer was justified in conducting a common-law inquiry. The officer, who was assigned to a subway station and was watching a surveillance video monitor, saw defendant engaged in furtive behavior at a MetroCard vending machine. The officer recognized this behavior, based upon her training and experience (*see People v Valentine*, 17 NY2d 128, 132 [1966]), as indicative of criminal activity involving credit cards. Viewed individually and by an untrained observer, defendant's actions, including rapid purchases of multiple MetroCards with multiple credit cards, might not be suspicious, but when viewed collectively and in the light of the officer's expertise, they provided the officer with a founded suspicion of criminal activity warranting a level-two inquiry (*see People v De Bour*, 40 NY2d 210, 223 [1976]). Defendant's response to the officer's questions, and his production of an identification card and a credit card that clearly did not belong to him, provided probable cause for his arrest. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.