■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MELE, Respondent. [903 NYS2d 133]—

Appeals by the People (1), as limited by their brief, from so much of an order of the County Court, Orange County (De Rosa, J.), dated July 2, 2009, as, (a) in effect, upon reargument, adhered to the original determination in a prior order dated June 15, 2009, granting, without a hearing, that branch of the defendant's omnibus motion which was to suppress a credit card and a debit card, and (b) denied that branch of their motion which was for renewal, and (2) from an order of the same court dated July 24, 2009, which, without a hearing, denied the People's motion for permission to introduce into evidence observations of the cards and the photographs of the cards, and suppressed evidence of those observations and photographs as the fruit of an illegal seizure of the cards.

Ordered that the order dated July 2, 2009, is reversed insofar as appealed from, on the law, upon reargument, so much of the order dated June 15, 2009, as granted that branch of the defendant's omnibus motion which was to suppress a credit card

and a debit card is vacated, that branch of the motion which was for leave to renew is denied as academic, the order dated July 24, 2009, is vacated, and the matter is remitted to the County Court, Orange County, for a hearing on that branch of the defendant's omnibus motion which was to suppress the credit card and the debit card; and it is further,

Ordered that the appeal from order dated July 24, 2009, is dismissed as academic, in light of our determination on the appeal from the order dated July 2, 2009.

During a search of the defendant's apartment pursuant to a search warrant, the police seized a debit card and a credit card (hereinafter the cards), both of which bore the name of a person who was not the subject of the investigation. The defendant moved to controvert the search warrant, or in the alternative, for a hearing on the suppression issues, on the grounds that the cards were not seized pursuant to a lawful search warrant, that the seizure exceeded the scope of the warrant, and that the cards could not be seized pursuant to the plain view doctrine as they had no apparent connection to the crime under investigation, or the house from which they were seized. The People, in opposition, contended that all the evidence was lawfully seized pursuant to the search warrant. The People also contended that the cards could be seized pursuant to the plain view doctrine, since the police has reason to believe that they were stolen. The County Court, in an order dated June 15, 2009, from which no appeal was taken, suppressed the cards on the grounds that, although the search warrant was valid, seizure of the cards was beyond the scope of the warrant, and the police had no reason to believe that the cards were stolen.

The People moved for leave to renew and reargue, arguing that pursuant to CPL 710.60 (2), suppression cannot be summarily granted without a hearing, unless the People concede the truth of the defendant's allegations, or stipulate that they will not use the evidence. The People further argued that had there been a hearing, a confidential informant would have testified. The County Court, in an order dated July 2, 2009, stated that suppression was warranted based upon the facts asserted, and "no hearing was required pursuant to CPL 710.60 as there were no facts for the Court to find." In so doing, the County Court, in effect, granted reargument and adhered to its original determination. Accordingly that determination is reviewable by this Court (*see People v Sadowski*, 173 AD2d 873 [1991]). We conclude that, under the circumstances of this case, a hearing is warranted (*see* CPL 710.60 [2]; *People v Weaver*, 49 NY2d 1012 [1980]).

We reach no other issue at this juncture. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.