AMET MAZINOV et al., Respondents, v YANNA RELLA, Respondent, and FLAGG COURT OWNERS CORP. et al., Appellants. [912 NYS2d 896]—

In an action to recover damages for personal injuries, etc., the defendants Flagg Court Owners Corp. and Leemar Management Corp. appeal from an order of the Supreme Court, Kings County

(Schmidt, J.), dated April 16, 2010, which granted the plaintiffs' motion for leave to reargue the plaintiffs' opposition to that branch of their prior motion which was for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court dated November 24, 2009, and, upon reargument, in effect, vacated the order dated November 24, 2009, and denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order dated April 16, 2010, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs' motion for leave to reargue is denied, and the order dated November 24, 2009, is reinstated.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). A motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*McGill v Goldman*, 261 AD2d 593, 594 [1999]; *see V. Veeraswamy Realty v Yenom Corp.*, 71 AD3d 874 [2010]; *Woody's Lbr. Co., Inc. v Jayram Realty Corp.*, 30 AD3d 590 [2006]; *Gellert & Rodner v Gem Community Mgt., Inc.*, 20 AD3d 388 [2005]; *Pryor v Commonwealth Land Tit. Ins. Co.*, 17 AD3d 434 [2005]; *Amato v Lord & Taylor, Inc.*, 10 AD3d 374 [2004]). Here, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for leave to reargue since they failed to show that the Supreme Court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law and improperly presented arguments not previously advanced (*see* CPLR 2221 [d] [2]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.