■ JOSELITO DIAZ, Plaintiff, v 333 EAST 66TH STREET CORPORATION et al., Defendants/Third-Party Plaintiffs-Respondents. HELEN HAMLIN, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [914 NYS2d 686]—

In an action to recover damages for personal injuries, the third-party defendant Helen Hamlin appeals from an order of the Supreme Court, Queens County (Cullen, J.), dated August 27, 2009, which (a) granted the motion of the defendants/third-party plaintiffs for leave to reargue that branch of their prior motion which was for summary judgment on their third-party cause of action for contractual indemnification, which, upon reargument, had been denied in an order of the same court dated February 11, 2009, (b) upon reargument, vacated the determi-

nation in the order dated February 11, 2009, denying that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment on their third-party cause of action for contractual indemnification, (c) reinstated the determination in an order of the same court dated July 15, 2008, granting that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment on their third-party cause of action for contractual indemnification, and (d) denied her cross motion, in effect, for leave to reargue the remaining branches of her prior motion which had been determined in the order dated February 11, 2009.

Ordered that the appeal from so much of the order dated August 27, 2009, as denied the appellant's cross motion for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated August 27, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants/third-party plaintiffs.

The Supreme Court properly held that the antisubrogation rule does not apply where, as here, there are two distinct and separate insurance policies which cover different risks (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281 [1993]). Contrary to the appellant's contention, her status as a stockholder in the subject cooperative corporation did not qualify her as a named additional insured under the policy issued to the defendants/third-party plaintiffs. While section II (1) (d) of the subject policy states, "[y]our stockholders are also insureds, but only with respect to their liability as stockholders," there was no allegation of stockholder liability in this action.

We decline to reach the appellant's contention that the indemnification provision in the parties' renovation agreement is void and unenforceable pursuant to General Obligations Law § 5-321, since the issue was improperly raised for the first time in the context of her cross motion (*see Giovanniello v Carolina Wholesale Off. Mach. Co., Inc.*, 29 AD3d 737 [2006]; *Pryor v Commonwealth Land Tit. Ins. Co.*, 17 AD3d 434 [2005]; *Amato v Lord & Taylor, Inc.*, 10 AD3d 374 [2004]).

The appellant's remaining contention is without merit. Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.