■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO RODRIGUEZ, Appellant. [915 NYS2d 551]—

Judgment, Supreme Court, New York County (Ronald Zweibel, J., at hearing; Bonnie G. Wittner, J., at jury trial and sentence), rendered December 16, 2008, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him to an aggregate term of two years, unanimously affirmed.

The police lawfully stopped a vehicle for traffic infractions (*see People v Robinson*, 97 NY2d 341 [2001]). The officers observed defendant nervously fidgeting with a pack of cigarettes and, along with the driver, who was reclining and sitting back towards the rear seat in an awkward position, repeatedly move around and look back towards the officers. A police officer then permissibly and reasonably asked defendant why he was sitting alone in the rear seat. When the response that the right front door was broken and could not be opened was determined to be false, a police sergeant permissibly and reasonably asked defendant "basic, nonthreatening questions" about his address and destination that evening, and to see his identification (*see People v Ocasio*, 85 NY2d 982, 985 [1995]; *People v Dewitt*, 295 AD2d 937, 938 [2002], *lv denied* 98 NY2d 709 [2002]).

These circumstances, coupled with the fact that the stop of the vehicle was inherently dangerous for the police officers, also provided the sergeant with the requisite common-law right of inquiry to question defendant as to whether he had "any weapons, anything on you you're not supposed to have," when defendant asked if he could get out of the car to make it easier to get his identification (*see People v Alvarez*, 308 AD2d 184 [2003], *lv denied* 1 NY3d 567 [2003], *lv denied* 3 NY3d 657 [2004]; *Matter of William J.*, 274 AD2d 343, 345 [2000] ["Once it became apparent that respondent was giving false and evasive answers, (the officer) possessed a founded suspicion that criminal activity was afoot, triggering the common-law right of inquiry"]). Since the sergeant's question was proper, defendant's response—"No, you can check"—constituted a voluntary consent to search, which led to the lawful discovery of contraband on his person.

Based on the totality of the circumstances, we reject the contention of defendant that the police interfered with his movements for any length of time greater than what would be expected in a routine traffic stop. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.