■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SHANDS, Appellant. [925 NYS2d 488]—

Judgment, Supreme Court, New York County (Ronald Zweibel, J., at suppression hearing; Marcy L. Kahn, J., at plea and sentencing), rendered April 27, 2010, convicting defendant of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. Defendant engaged in a pattern of suspicious

conduct that warranted, at least, a common-law inquiry (*see e.g. People v Wilson*, 52 AD3d 239 [2008], *lv denied* 11 NY3d 743 [2008]). An officer was informed by store security personnel that two men were randomly collecting merchandise without looking at it, behavior that the officer recognized as suspicious. The police saw defendant acting in an unusually nervous manner while he was unsuccessfully attempting to pay for a large amount of merchandise with a credit card. When the card was rejected, defendant declined the store clerk's offer to assist defendant by calling the bank. Defendant and his companion left the store without the merchandise, with the officers following behind. The fact that defendant did not actually take anything from the store did not detract from the officers' founded suspicion of criminality.

The police then conducted a common-law inquiry, not a seizure requiring reasonable suspicion. The record fails to support defendant's assertion that the police placed him against a wall, or engaged in any other coercive or intimidating conduct that would elevate the encounter to a seizure (*see e.g. People v Francois*, 61 AD3d 524 [2009], *affd* 14 NY3d 732 [2010]; *People v Grunwald*, 29 AD3d 33, 38-39 [2006], *lv denied* 6 NY3d 848 [2006]).

The officers properly asked defendant for identification. After defendant placed the contents of his pocket on a nearby wall, he either discarded or accidentally dropped a credit card. One of the officers caught the card and saw that it bore a name that was not the name of defendant or his companion. That fact, when coupled with the suspicious behavior in the store, led to a strong inference that the card was stolen, providing the officer with probable cause for defendant's arrest. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.