In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered April 5, 2013, which granted that branch of the defendants’ motion which was for leave to reargue their motion, made prior to the consolidation of two related actions, in effect, for summary judgment dismissing the complaint in the first of those two related actions, which had been granted in an order of the same court entered September 11, 2012, and thereupon granted that branch of the defendants’ motion which was for summary judgment dismissing the consolidated complaint in its entirety.
Ordered that the order entered April 5, 2013, is reversed, on the law, with costs, and the defendants’ motion for leave to reargue their prior motion, and thereupon for summary judgment dismissing the consolidated complaint in its entirety, is denied.
The plaintiff, a Police Officer for the Port Authority of New York and New Jersey, allegedly sustained personal injuries in connection with a slip-and-fall accident that occurred as he was descending the stairs of a shuttle bus owned and operated by the defendant Veolia Transportation, Inc. (hereinafter Veolia), while on the Delta Airlines tarmac at LaGuardia Airport. The plaintiff claimed that the stairs became wet when passengers tracked water into the bus from an earlier rainstorm. The plaintiff first commenced an action against Veolia, asserting a single cause of action to recover damages for negligence. More than one year later, the plaintiff commenced a second action, naming both Veolia and the defendant Delta Air Lines, Inc., as defendants, and asserting two causes of action, one to recover damages for negligence, and the other to recover damages pursuant to General Municipal Law § 205-e.
Following discovery, the defendants moved, in effect, for summary judgment dismissing the complaint in the first action. Prior to the plaintiffs submission of papers in opposition to the motion, the Supreme Court granted the defendants’ motion to consolidate the first and second actions. Thereafter, the plaintiff, *940 in opposing the motion for summary judgment, included arguments relating to the cause of action to recover damages pursuant to General Municipal Law § 205-e. In reply, the defendants addressed that cause of action for the first time, contending that it should be summarily dismissed. In an order entered September 11, 2012, the Supreme Court granted the defendants’ motion for summary judgment. However, in so doing, it refused to consider the defendants’ arguments with regard to the cause of action to recover damages pursuant to General Municipal Law § 205-e, as they were belatedly raised for the first time in their reply papers. The plaintiff did not appeal from this order. The defendants thereafter moved for leave to reargue their prior motion, in effect, for summary judgment dismissing the complaint in the first action, and sought summary judgment dismissing the consolidated complaint in its entirety. The plaintiff opposed the motion. The court granted leave to reargue and, upon reargument, granted that branch of the defendants’ motion which was for summary judgment dismissing the consolidated complaint in its entirety.
Under the circumstances of this case, the Supreme Court should not have granted the defendants’ motion for leave to reargue and, thereupon, for summary judgment dismissing the consolidated complaint in its entirety. A motion for leave to reargue “shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion” (CPLR 2221 [d] [2]). Here, the court did not overlook or misapprehend the defendants’ arguments relating to General Municipal Law § 205-e in reaching its original determination. Rather, the Supreme Court refused to consider those arguments because the defendants’ prior motion was for summary judgment dismissing the complaint in the first action, which asserted only a single cause of action to recover damages for negligence, and the defendants improperly raised arguments in support of dismissal of the General Municipal Law § 205-e claim in their reply papers (see 6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC, 114 AD3d 661 [2014]). Thus, this is not a case in which the Supreme Court overlooked or misapprehended the facts or law, or for some other reason mistakenly reached its earlier decision (see Mazinov v Rella, 79 AD3d 979, 980 [2010]; Cohen v Cohen, 73 AD3d 832, 833 [2010]; Pryor v Commonwealth Land Tit. Ins. Co., 17 AD3d 434 [2005]). We note that the general proscription against successive motions for summary judgment would not bar the defendants from moving for summary judgment dismissing the consolidated complaint because their arguments in support of dismissal of the General Municipal Law 205-e claim were not properly before the *941 Supreme Court on their original motion (see Kimber Mfg., Inc. v Hanzus, 56 AD3d 615, 617 [2008]).
The parties’ remaining contentions need not be reached in light of our determination.
Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.