■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO GONZALEZ, Appellant. [23 NYS3d 238]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., at suppression hearing; Arlene Goldberg, J., at plea

and sentencing), rendered January 31, 2013, convicting defendant of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years, unanimously affirmed.

The court properly denied defendant's suppression motion. At the time they approached defendant, the police had a founded suspicion of criminality warranting a common-law inquiry. Specifically, an officer assigned to a subway station saw defendant engage in behavior at MetroCard vending machines that the officer recognized, "based upon [his] training and experience, as indicative of criminal activity" (*People v Wilson*, 52 AD3d 239, 240 [1st Dept 2008] [citation omitted], *lv denied* 11 NY3d 743 [2008]; *see also People v Slates*, 57 AD3d 266 [1st Dept 2008], *lv denied* 12 NY3d 787 [2009]). Defendant's moving from one MetroCard vending machine to another, holding a stack of 10 to 15 MetroCards in his hand, without making any purchases, was behavior that, in the officer's experience, was indicative of possible criminal activity, i.e., illegally selling MetroCard swipes and attempting (even if unsuccessfully) to jam the machines in aid of that scheme. Even an untrained observer might find such behavior indicative of possible criminality.

Furthermore, the officer was not obligated to accept at face value defendant's explanation about checking the balances of the MetroCards, and immediately terminate the lawful common-law inquiry. The officer's request for, and brief inspection of, defendant's identification was reasonable, as was asking defendant whether he possessed any contraband (*see People v Rodriguez*, 81 AD3d 404 [1st Dept 2011], *lv denied* 16 NY3d 862 [2011]), particularly in light of defendant's strange behavior during the conversation. In response to this lawful questioning, defendant spontaneously removed his coat, causing a loaded pistol magazine to fall to the ground, which provided probable cause for his arrest. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.