The People of the State of New York, Appellant, 


v

Refugio Gutierrez, Respondent.



Orange County District Attorney (Andrew R. Kass of counsel), for appellant.
Gary Greenwald & Partners, P.C., (David L. Gove of counsel), for respondent.

Appeal from an order of the City Court of Middletown, Orange County (Steven W. Brockett, J.), entered August 23, 2016. The order, insofar as appealed from, upon, in effect, reargument, adhered to the determination in a prior order of that court dated June 2, 2016 granting, after a hearing, defendant's motion to suppress evidence.




ORDERED that the order entered August 23, 2016, insofar as appealed from, is affirmed.
On June 2, 2015, the People charged defendant, in a felony complaint, with criminal possession of stolen property (Penal Law § 165.45) and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01), after a stolen .45 caliber pistol and numerous rounds of ammunition had been recovered from the trunk of his car and a .38 caliber revolver had been found in his bedroom. The charges were thereafter reduced (see CPL 180.50) to the misdemeanor offenses of criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and to two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01).
The City Court subsequently granted a motion by defendant to suppress the weapon recovered from his automobile and postarrest statements to the extent of ordering a combined Mapp/Dunaway/Huntley hearing. At the hearing, three police officers testified that, following a 911 call concerning a dispute at a bar possibly involving a handgun, they interviewed the bar's security officer who pointed to defendant as the person suspected to be armed. They then removed defendant from the bar, and subjected him to a pat-down search, which produced two [*2]ammunition magazines from his pants pocket. Although no weapons were found on his person, defendant was arrested, and his automobile, parked across the street from the bar, was towed and impounded. A search of the vehicle, upon defendant's consent following defendant's waiver of the Miranda rights, produced a stolen .45 caliber pistol and numerous rounds of ammunition.
After the defense rested without calling a witness, the People sought to reopen the hearing to admit a recording of the 911 call, arguing that the content of the call was probative of police knowledge of facts prior to the arrest which would be material to establishing probable cause. The court denied the application, ruling that the People were not entitled to a second chance to relitigate matters after having had an ample opportunity to do so. In their posthearing memorandum of law, the People argued only that the hearing record established probable cause to arrest defendant, and if not, that the hearing should be reopened to admit additional proof. In a written order dated June 2, 2016, the City Court granted suppression of physical evidence and statements, concluding that the People had failed to establish probable cause, and noting that the People had failed to assert an attenuation argument. The People moved for leave to reargue, asserting that the facts established probable cause; that if they did not, the court, in error, had denied their request to reopen the hearing to receive further evidence on the matter; and that, even if probable cause was lacking, events intervening between the arrest and consent dissipated the taint of the prior illegality. Although the City Court denominated its order as denying reargument, wherefrom an appeal cannot be taken, the order actually granted reargument, and, upon reargument, adhered to the prior determination (see e.g. People v D'Alessandro, 13 NY3d 216, 218 [2009]; People v Mele, 74 AD3d 1095, 1096 [2010]; People v Sadowski, 173 AD2d 873, 873 [1991]; see also Matter of Aetna Cas. & Sur. v Pellegrino, 203 AD2d 457 [1994]).
On the hearing record, the People failed to establish probable cause for defendant's arrest. The discovery of ammunition clips in defendant's pocket did not, standing alone, establish probable cause for defendant's arrest, even in light of the allegations by third parties, who did not report having actually observed defendant in possession of a weapon, that defendant had somehow communicated to another, in the course of a dispute, that he was armed with a gun (cf. Administrative Code of City of New York § 10-131 [i] [3]; People v Gonzalez, 135 AD3d 637 [2016]).
While we agree that it would not have represented an abuse of discretion for the trial court to have allowed the People to reopen the hearing to admit a recording of the 911 call (see People v Kevin W., 22 NY3d 287, 296 [2013]; People v Brujan, 104 AD3d 481, 481 [2013]; People v Ramirez, 44 AD3d 442, 443 [2007]; People v Whitmore, 12 AD3d 845, 846 [2004]), we find the error to be harmless, as, under the circumstances presented, the People did not establish that the call's content presented probative value on the question of probable cause.
We also find improvident the court's exercise of discretion, upon reargument, to review the merits of the People's theretofore unasserted attenuation claim (see Woody's Libr. Co., Inc. v Jayram Realty Corp., 30 AD3d 590, 593 [2006]; see also Mazinov v Rella, 79 AD3d 979 [2010]; V. Veeraswamy Realty v Yenom Corp., 71 AD3d 874 [2010]).
Accordingly, the order entered August 23, 2016, insofar as appealed from, is affirmed. 
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2018