| |
|---|
| **Musso v OTR Media Group, Inc.** |
| 2026 NY Slip Op 30104(U) |
| January 8, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523025/2018 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, located at 360 Adams
Street, Borough of Brooklyn, City and State of New
York on the 8th day of January 2026.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

--------------------------------------------------------------------------x

ROBERT J. MUSSO, Chapter 7 Trustee of the Estate of
Ladder 3 Corp.,

                     Plaintiff,

            -against-

OTR MEDIA GROUP, INC., et al.,

                  Defendants.

--------------------------------------------------------------------------x

Index No. 523025/2018

Cal. No. 16-18   MS 16-18

**Decision and Order**

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
|---|---|
| MS 16 | 344-361, 390, 429-443 |
| MS 17 | 379-388, 428, 444-445, 452-470 |
| MS 18 | 446-451, 471-490 |

Defendants' motion for reargument, motion to enforce settlement, and plaintiff's cross-motion for sanctions are decided as follows:

*Defendants' Motion for Reargument (Motion Sequence 16)*

This action arises out of several alleged fraudulent conveyances by defendant OTR Media Group, Inc. ("OTR") and members of the Noe family after OTR became insolvent and failed to satisfy a judgment owed to plaintiff, the Chapter 7 Trustee of Ladder 3 Corp. Plaintiff alleges that after receiving approximately $4.9 million in proceeds from a 2015 billboard sale, defendants diverted funds to family members and personal expenses rather than paying creditors.

1

[* 1]

By Decision and Order dated August 21, 2023, Hon. Leon Ruchelsman found that defendants had willfully and contumaciously failed to comply with discovery, struck defendants' Answer, and placed them in default. By Decision and Order dated September 10, 2025, the Court granted plaintiff's motion for a default judgment, holding that liability was established and that defendants were limited to mitigation of damages, and awarded plaintiff a net principal judgment in the amount of $231,500 together with phased prejudgment interest.

Defendants now move pursuant to CPLR 2221(d) to reargue the motion resulting in this Court's Decision and Order dated September 10, 2025, asserting that the Court misapprehended both the facts and the controlling law by (i) treating the verified complaint of plaintiff Chapter 7 Trustee Robert Musso ("Musso") as sufficient "firsthand confirmation" under CPLR 3215, even though Musso lacks personal knowledge and his verification and counsel's affirmation amount to inadmissible hearsay; (ii) relying on *Feffer v Malpeso* and CPLR 105(u) in a manner inconsistent with Second Department authority requiring proof from a witness with personal knowledge and properly authenticated business records; (iii) crediting unauthenticated attorney-produced checks and transfer records as substantive proof of fraudulent conveyances without satisfying CPLR 4518's business-records foundation; and (iv) erroneously rejecting defendants' CPLR 1001(a) argument that Morris Lefkowitz ("Lefkowitz"), the purchaser of the Ladder 3 judgment, is a necessary party whose interests are inequitably affected by the Court's Decision and Order, while failing to address defendants' alternative request for dismissal or a stay for non-joinder.

In opposition, plaintiff argues that defendants' motion to reargue is an improper attempt to relitigate issues already considered and rejected by the Court, and fails to meet the strict CPLR 2221(d) standard because defendants identify no law or facts that were overlooked or misapprehended. Plaintiff contends the motion is procedurally defective for failing to attach the underlying motion papers, and substantively baseless because the Court correctly found that

2

[* 2]

plaintiff satisfied CPLR 3215(f) through (i) plaintiff's verified complaint based on his personal knowledge of the predicate debt, judgment history, and OTR's nonpayment, and (ii) independent documentary evidence, including subpoenaed escrow checks and attorney escrow records directly evidencing the fraudulent transfers, OTR's bankruptcy schedules establishing insolvency, and sworn subpoena responses from transactional counsel. Plaintiff further argues defendants have waived any new evidentiary objections, misunderstand hearsay and business-records law, mischaracterize precedent, and seek to undo the law-of-the-case effect of their default, despite being limited only to damages mitigation. Plaintiff asserts defendants' "necessary party" argument concerning Lefkowitz is meritless and merely a delay tactic, as no assignment has occurred and, even if it had, CPLR 1018 allows the action to proceed without joinder.

In reply, defendants reassert that the Court misapplied the CPLR 3215 default-judgment standard by relying on a complaint verified by Musso, who lacks personal knowledge of the alleged transfers, and by accepting unauthenticated checks and records as "firsthand confirmation" without proper evidentiary foundation. Defendants contend the Court overlooked controlling authority requiring proof from a witness with personal knowledge; improperly rejected their joinder motion despite Lefkowitz being a necessary party; and failed to address their alternative request for dismissal under CPLR 1001. Defendants further assert that the subsequent closure of the bankruptcy case on October 1, 2025 terminated Musso's authority and standing, rendering continued prosecution improper; that no assignment to Lefkowitz was ever completed; and that the alleged fraudulent conveyance claims are substantively unsupported.

"A motion for leave to reargue shall be based on matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include matters of fact not offered on the prior motion" (*Pryor v Commonwealth Land Tit. Ins. Co.*, 17 AD3d 434, 435-36 [2d Dept 2005] [citation and internal quotation marks omitted]; *see* CPLR 2221[d][2]).

3

[* 3]

"The motion does not offer an unsuccessful party ... successive opportunities to present arguments not previously advanced" (*id.*). "It is well settled that a motion to reargue is not an appropriate vehicle for raising new questions ... which were not previously advanced" (*People v D'Alessandro,* 13 NY3d 216, 219 [2009] [citation and internal quotation marks omitted]). "Necessarily, where a new argument is presented on the motion, that argument could not have been overlooked or misapprehended ... in the first instance" (*id.*).

Here, defendants fail to identify any fact or law that this Court overlooked or misapprehended in its September 10, 2025 Decision and Order.

Defendants first contend that the Court misapprehended controlling authority requiring that "an affidavit or verified complaint sufficient to support the entry of a default judgment pursuant to CPLR § 3215(f) must be from someone with personal knowledge of the facts," and that "[a] Complaint Verified by an attorney without personal knowledge of the facts is insufficient to establish the merits of the claim." However, the Court fully considered and applied that settled principle in the prior Decision and Order, and defendants merely disagree with the Court's conclusion.

Contrary to defendants' characterization, the complaint here was not verified by a counsel as attorney; rather, it was verified by the plaintiff Musso himself, in his capacity as the duly-appointed Chapter 7 Trustee. As expressly stated in the verification, Musso affirms under penalty of perjury that the allegations are "true to [his] own knowledge," except where otherwise indicated (NYSCEF Doc No. 359). As trustee, Musso is the fiduciary charged with investigating, marshaling, and prosecuting estate assets, including the claims at issue here, and thus he plainly possesses the requisite personal knowledge of the foundational facts supporting plaintiff's claims.

Defendants' argument that Musso is "an attorney verifying a complaint" and thus "does not replace first hand witness testimony" is unavailing. The relevant inquiry under CPLR 3215(f)

4

[* 4]

is whether the verifying affiant has personal knowledge of the facts alleged. Here, the Court has already determined that Musso does, and defendants offer no overlooked fact or misapprehended legal principle that would warrant a contrary conclusion.

Defendants further contend that the Court erred in finding that the subpoenaed checks and wire confirmations constituted "direct, contemporaneous evidence of how the Lamar proceeds were used," asserting that such documents must "be deemed inadmissible hearsay" because they were "disclosed by the Defendnats [sic] former attorney, who had been retired from the practice of law at the time of submission and no longer representing Mr. Noe." This evidentiary objection was not raised in the underlying motion and is therefore not properly before the Court on a motion to reargue. In any event, defendants cite no authority holding that such materials are categorically inadmissible merely because produced by prior counsel, nor do they dispute their authenticity or accuracy.

Defendants next contend that the Court misapprehended the law in denying their request to compel the joinder of Lefkowitz as a purported "necessary party" pursuant to CPLR 1001, arguing that Lefkowitz purchased the subject judgment and therefore has an indispensable interest in this litigation. This contention is likewise unavailing.

The Court has already considered and rejected these same arguments, holding that Lefkowitz is not a necessary party within the meaning of CPLR 1001(a), as there has been no assignment of the claims to Lefkowitz, a point plaintiff expressly represented and defendants do not meaningfully rebut. Absent an assignment, Lefkowitz holds no presently enforceable legal interest in the claims and therefore there is nothing that would render him indispensable to the adjudication of this action. The Court further held that "Lefkowitz was not involved in the underlying transfers, has no independent claims, and his sole function would be to succeed to any judgment obtained by plaintiff," and that "Lefkowitz's rights are fully protected without his

5

[* 5]

present participation in the proceeding, and his eventual ability to enforce or collect upon a judgment is not impaired by the action's continuation in plaintiff's name."

To the extent defendants now rely upon post-motion developments or materials not previously submitted, such as their contention that Musso purportedly "lacks standing" because "the Bankruptcy Court ordered closure of this matter on October 1, 2025," such event allegedly occurred after the Court issued its underlying Decision and Order in early September 2025, and thus cannot be entertained on a motion to reargue.

Based on the foregoing, defendants' motion for reargument is denied. Any argument not explicitly addressed herein was considered and deemed to be without merit or unnecessary to address given the court's determination.

*Defendants' Motion to Enforce Settlement (Motion Sequence 17) and Plaintiff's Cross-Motion for Sanctions (Motion Sequence 18)*

Defendants move under CPLR 2104 to enforce an allegedly binding $25,000 global settlement reached with plaintiff on October 25, 2024, resolving all claims between Ladder 3 Corp. and the OTR defendants and sealing the instant case, and to recover about $45,000 in attorneys' fees incurred after the settlement was allegedly "improperly" revoked. Defendants argue that the settlement is enforceable because all material terms were agreed to by email, OTR sent the $25,000 check, plaintiff received and deposited the funds, and advised he was drafting a stipulation of discontinuance. Defendants further contend that plaintiff's counsel, Dov Medinets, Esq. ("Mr. Medinets") improperly and unethically interfered with his client's decision to settle, in violation of Rules 1.2 and 1.3 of the New York Rules of Professional Conduct, and therefore his fees from November 14, 2024 onward should be forfeited and returned to Musso, in addition to any other relief the Court deems appropriate.

6

[* 6]

Plaintiff cross-moves for sanctions under 22 NYCRR § 130-1.1, seeking attorneys' fees and costs for opposing defendants' motion to enforce the alleged $25,000 settlement, and asks that the motion be denied in its entirety. Plaintiff argues the exact issue has already been decided against defendants by the Eastern District of New York Bankruptcy Court, which ruled in February and March 2025 that "OTR's settlement with the trustee is not binding on ... the estate" and approved a higher $30,000 sale, yet defendants and their counsel concealed that adverse ruling from this Court in violation of Rule 3.3 of the New York Rules of Professional Conduct. Plaintiff further contends that, even apart from bankruptcy law, there is no enforceable CPLR 2104 settlement because the emails are not properly "subscribed," any deal was expressly conditioned on bankruptcy approval that never came, no stipulation of settlement was ever executed, and the supposed negotiations were tainted by defendants' counsel Vincent Miletti, Esq.'s ("Mr. Miletti") improper direct contact with the represented trustee in violation of Rule 4.2 of the New York Rules of Professional Conduct. In addition, plaintiff contends that defendants' attacks on his ethics and their request to claw back attorneys' fee awards are legally baseless and sanctionable.

In opposition to plaintiff's cross-motion for sanctions and in further support of their motion to enforce settlement, defendants reassert that the $25,000 settlement is enforceable under New York law because all material terms were agreed upon, the plaintiff trustee accepted and deposited the funds, and any later reversal was caused solely by Mr. Medinets' improper interference. Defendants contend the Bankruptcy Court's ruling did not determine or bar enforcement of a valid state-law settlement; that any alleged ethical or Rule 4.2 issues do not invalidate the agreement; and that plaintiff's motion merely deflects from Mr. Medinets' own misconduct.

In reply, plaintiff argues that sanctions are warranted because defendants fail to explain their deliberate concealment of the Bankruptcy Court's ruling that the alleged $25,000 settlement is "not binding on the estate," violating Rule 3.3, and instead rely on after-the-fact state-law

7

[* 7]

arguments that neither justify the nondisclosure nor overcome federal supremacy and Rule 9019 of the Federal Rules of Bankruptcy Procedure. Plaintiff asserts defendants already raised and lost these same arguments in bankruptcy court, that their claimed "good faith" is illusory, that their Rule 4.2 position further reflects bad faith, and that their word-count and personal attacks are baseless and emblematic of improper litigation conduct; therefore sanctions, fees, and costs should be imposed.

"[A] settlement agreement made in bankruptcy has no effect when the parties to the agreement fail to comply with Fed. R. Bank. P. 9019, which requires notice to creditors and court approval" (*Am. Prairie Constr. Co. v Hoich*, 594 F3d 1015, 1025 [8th Cir 2010]). Where "no effective agreement was achieved because the bankruptcy court declined to approve the settlement proposed by the parties," a party is deemed to be "effectively attempt[ing] to circumvent the requirement of bankruptcy court approval" if it "did not appeal the bankruptcy court's decision" but instead "filed an independent lawsuit in district court, attempting to enforce the terms of the settlement agreement" (*Am. Prairie Constr. Co. v Hoich*, 594 F3d 1015, 1025 [8th Cir 2010]).

After reviewing defendants' submissions advancing the same arguments and citing many of the same New York cases relied upon in the instant motion, and following full oral argument attended by Mr. Miletti, Hon. Jil Mazer-Marino of the United States Bankruptcy Court for the Eastern District of New York ruled on the bench on February 20, 2025 that "OTR's settlement with the trustee is not binding on ... the estate" (NYSCEF Doc No. 449). A written order entered on March 18, 2025 confirmed that determination (NYSCEF Doc No. 450). Defendants have now come to this Court seeking the same relief based on largely the same arguments and case citations, while omitting any disclosure of the Bankruptcy Court's adverse ruling.

As held by the Appellate Division, Second Department, "[w]here, as here, a settlement is not made in open court, CPLR 2104 provides: An agreement between parties or their attorneys

8

[* 8]

relating to any matter in an action . . . is not binding upon a party unless it is in a writing subscribed by him or his attorney" (*Forcelli v Gelco Corp.*, 109 AD3d 244, 247-48 [2d Dept 2013] [citation and internal quotation marks omitted]). Moreover, "[t]he plain language of the statute directs that the agreement itself must be in writing, signed by the party (or attorney) to be bound" (*id.*). "In addition, since settlement agreements are subject to the principles of contract law, for an enforceable agreement to exist, all material terms must be set forth and there must be a manifestation of mutual assent" (*id.*).

Here, the October 25, 2024 email defendants rely on expressly conditioned any resolution on bankruptcy court approval: "[i]f the 3 above could be satisfied [and yes, if the Bankruptcy Courts are okay], then let's do it..." (NYSCEF Doc No. 383). There is no dispute the Bankruptcy Court was not "okay" with the supposed settlement agreement and expressly ruled it nonbinding. Defendants now argue that the language "if the Bankruptcy Courts are okay" is not a "material term," does not constitute a "condition precedent," and is instead "language that is merely procedural or ministerial." However, defendants cite no controlling authority remotely supporting the proposition that an express requirement of bankruptcy court approval, particularly in a Chapter 7 case where Rule 9019 compliance is mandatory, is insignificant or can be ignored.

Based on the foregoing, the branch of the defendants' motion to enforce settlement is denied. Any argument not explicitly addressed herein was considered and deemed to be without merit or unnecessary to address given the court's determination.

As to that branch of defendants' motion seeking a declaratory determination that Mr. Medinets' alleged "behavior" was "improper," "unethical," and in "violation of the Rules of Professional Conduct," the Court finds that defendants have failed to establish any such professional misconduct on the record before it. With respect to defendants' further request that this Court direct Mr. Medinets to "forfeit" attorneys' fees awarded to him by the Bankruptcy Court,

**9**

[* 9]

defendants cite no binding authority authorizing a state trial court to vacate, claw back, or otherwise disturb a fee award issued by a federal bankruptcy judge in a separate bankruptcy proceeding.

With respect to plaintiff's cross-motion for sanctions against defendants and Mr. Miletti, although the Court does not condone defendants' failure to disclose the existence of an adverse ruling concerning the same alleged settlement agreement in their moving papers, the Court, in the exercise of its discretion, does not find that the circumstances presented warrant the imposition of sanctions within the meaning of 22 NYCRR § 130-1.1.

*Conclusion*

Based on the foregoing, defendants' motion for reargument, defendants' motion to enforce settlement, and plaintiff's cross-motion for sanctions are all denied. Any argument not explicitly addressed herein was considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R:

_____

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

10