Peterson v Credit Agricole Am. Servs., Inc. (2026 NY Slip Op 01078)

Peterson v Credit Agricole Am. Servs., Inc.

2026 NY Slip Op 01078

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-06210
 (Index No. 506717/22)

[*1]Kelley Peterson, respondent, 
vCredit Agricole America Services, Inc., et al., appellants, et al., defendant.

Herbert Smith Freehills NY LLP, New York, NY (Tyler T. Hendry and Barbara M. Roth of counsel), for appellants.
Derek Smith Law Group, PLLC, New York, NY (Mark Taylor of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of hostile work environment and sexual harassment in violation of Executive Law § 296, the defendants Credit Agricole America Services, Inc., Credit Agricole Structured Asset Management Advisors, LLC, Credit Agricole Securities (USA), Inc., and Credit Agricole Leasing (USA) Corp. appeal from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated March 25, 2024. The order granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate an order of the same court dated February 1, 2024, granting the motion of the defendants Credit Agricole America Services, Inc., Credit Agricole Structured Asset Management Advisors LLC, Credit Agricole Securities (USA), Inc., and Credit Agricole Leasing (USA) Corp., in effect, pursuant to CPLR 3126, to dismiss the complaint insofar as asserted against them and for monetary sanctions.
ORDERED that the order dated March 25, 2024, is reversed, on the law, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the order dated February 1, 2024, granting the motion of the defendants Credit Agricole America Services, Inc., Credit Agricole Structured Asset Management Advisors, LLC, Credit Agricole Securities (USA), Inc., and Credit Agricole Leasing (USA) Corp., in effect, pursuant to CPLR 3126, to dismiss the complaint insofar as asserted against them and for monetary sanctions, is denied.
In 2022, the plaintiff commenced this action against Credit Agricole America Services, Inc., Credit Agricole Structured Asset Management Advisors, LLC, Credit Agricole Securities (USA), Inc., and Credit Agricole Leasing (USA) Corp. (hereinafter collectively the defendants) and Mickael Abid, inter alia, to recover damages for employment discrimination on the basis of hostile work environment and sexual harassment in violation of Executive Law § 296, alleging that Abid, her supervisor, coerced her into a romantic and sexual relationship. The defendants served their first set of interrogatories and discovery demands in September 2022. The attorneys for the plaintiff and the defendants corresponded over subsequent months regarding the plaintiff's deficient or nonexistent responses, and in March 2023, the defendants served a second set of interrogatories and discovery demands, which they asserted also were not complied with by the [*2]plaintiff. Thereafter, the defendants moved, among other things, pursuant to CPLR 3124 to compel the plaintiff to provide outstanding discovery. The plaintiff opposed the motion. In an order dated June 8, 2023, the Supreme Court granted the defendants' motion to the extent of directing the plaintiff to provide certain discovery and stated that "[f]ailure to comply with this order will result in the non-complying party being appropriately sanctioned, pursuant to CPLR 3126, upon further motion for same."
Subsequently, the defendants moved, in effect, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and for monetary sanctions based upon the plaintiff's failure to comply with her discovery obligations, and the plaintiff opposed the motion. In an order dated February 1, 2024, the Supreme Court granted the defendants' motion without comment. Thereafter, the plaintiff moved pursuant to CPLR 5015(a) to vacate the order dated February 1, 2024, and for leave to reargue her opposition to the defendants' prior motion, in effect, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and for monetary sanctions.
In an order dated March 25, 2024, the Supreme Court, without comment, granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the order dated February 1, 2024. The defendants appeal.
Contrary to the plaintiff's contention, the order dated February 1, 2024, was not entered on default, and thus, there was no basis for the Supreme Court to vacate it pursuant to CPLR 5015(a)(1). The plaintiff submitted opposition to the defendants' prior motion, in effect, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and for monetary sanctions. As set forth in the order dated February 1, 2024, the plaintiff's opposition was read in determining the defendants' prior motion (see id. § 2219[a]). Moreover, there is no indication in the order dated February 1, 2024, that it was entered on default. Thus, there was no basis for the Supreme Court to grant that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated February 1, 2024.
Moreover, contrary to the plaintiff's contention, there was no basis for the Supreme Court to vacate the order dated February 1, 2024, in the interest of substantial justice. The court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788 [internal quotation marks omitted]). However, "[a] court's inherent power to exercise control over its [orders and] judgments is not plenary, and should be resorted to only to relieve a party from [orders or] judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Gutierrez v Hillside Hotel, LLC, 234 AD3d 672, 674). Here, the plaintiff failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would constitute a basis for vacatur of the order dated February 1, 2024, in the interest of substantial justice (see Aurora Loan Servs., LLC v Dorfman, 170 AD3d at 788).
Additionally, there was no basis for the Supreme Court, upon reargument, to vacate the order dated February 1, 2024, and thereupon, deny the defendants' prior motion, in effect, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and for monetary sanctions (see Amato v Lord & Taylor, Inc., 10 AD3d 374, 375).
"The nature and degree of the penalty to be imposed [on a motion] pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court" (Lucas v Stam, 147 AD3d 921, 925 [internal quotation marks omitted]; see Morgenstern v Jeffsam Corp., 78 AD3d 913, 914). "A determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion" (Duncan v Hebb, 47 AD3d 871, 871). "The striking of a pleading may be warranted where the conduct of a party is shown to be willful and contumacious" (Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 814; see Morgenstern v Jeffsam Corp., 78 AD3d at 914).
Here, under the circumstances, the willful and contumacious nature of the plaintiff's [*3]conduct can be inferred from her failure, over an extended period of time, to comply with discovery demands, and the absence of an adequate excuse for the failure to comply (see Morgenstern v Jeffsam Corp., 78 AD3d at 914). After the plaintiff's persistent and deliberate failure to timely comply with discovery demands, despite the defendants' good faith efforts to bring about compliance and the plaintiff's counsel offering no excuses other than it "slipped through the cracks," the plaintiff provided a late, deficient response. Thereafter the defendants were forced to move pursuant to CPLR 3124 to compel the plaintiff to provide outstanding discovery, as well as to request that the plaintiff's mobile device be forensically examined for completeness and to determine if there had been impermissible deletions. Here, where one of the key issues claimed by the defendants was whether the plaintiff's relationship with Abid was consensual, the plaintiff selectively and willfully withheld production of hundreds of documents relevant to the nature of her relationship with Abid, continually denying she had the ability to access them. However, it was later revealed, only after the court ordered a forensic examination of her mobile device and her personal accounts in order to investigate her communications with Abid, that these documents had been in her control. The plaintiff's deception was compounded by the fact that, notwithstanding her continual claim that she did not have access to a Dropbox account she shared with Abid because he allegedly controlled the password and she did not have access to it, on the day of the forensic examination, it became clear that she did have access to this account, which actually had been created under her personal email address. Similarly, after the plaintiff provided only selected pages from her diary, and after repeated requests were made for her to provide the remainder of the diary, she then claimed it had been stolen. Under these circumstances, granting the defendants' motion, in effect, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and for monetary sanctions due to the plaintiff's misconduct and dishonesty was justified (see Morgenstern v Jeffsam Corp., 78 AD3d at 914).
Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the order dated February 1, 2024.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court